OKLAHOMA CITY & TEXAS RAILWAY COMPANY v. R. D. DUNHAM.

Decided May 27, 1905.

**1.—Dedication Deed—Plat—Record—Notice—Reservation.**

Where the owner of land platted for a town site recorded the plat along with a deed dedicating to the public the streets, avenues, etc., shown on the plat, but reserving the right to grant to any railroad company a right of way on and along a certain avenue, one who subsequently purchased a lot abutting on that avenue by a deed referring to the recorded plat for description of the lot took with notice of the reservation and subject to the right of a railway company to lay and operate its tracks along the avenue.

**2.—Railroad Tracks in Street—Additional Traffic—Damage to Abutting Lot Owner.**

The mere imposition of more tracks on a right of way along a street duly granted to a railroad company, or an increased use of the tracks beyond what may have originally been thought probable, would not, unless such use constituted a nuisance, give to the owner of a lot abutting on the street a right to damages because of a resultant depreciation in the market value of his property.

**3.—Same—Measure of Damages.**

In the absence of allegation and proof of such a use of the street as constituted a nuisance, the owner of the abutting lot, who bought subject to the railroad's right of way in the street, could recover for only such injury as resulted to his property from the erection of a depot and the operation of the railroad on additional land not embraced within the right of way in the street, but purchased by the road for depot and track purposes.

Appeal from the District Court of Hardeman. Tried below before Hon. S. P. Huff.

*C. H. Yoakum* and *D. E. Decker,* for appellant.—1. When the owner of land plats and lays out a town, dedicating the streets and alleys to public use with the exception that on a wide street he reserves the right to grant a right of way to railway or railway companies, and subsequent to conveying a lot near the street, conveys a right of way to a railway company on the street, such railway company may construct all tracks on such right of way it may deem necessary to transact its business and operate trains thereon, and can not be held for damages occasioned by depreciation in value of the lot owner's property by operation of trains by said railway on the right of way in such street. Railway Co. v. Railway Co., 71 Texas, 174; Olive v. Sabine Ry. Co., 33 S. W. Rep., 139; Railway Co. v. Oaks, 94 Texas, 172; Railway v. Faires, 26 S. W. Rep., 82; 13 Cyc., 460; 2 L. R. A., 59.

*Muse & Allen* and *L. H. Mathis,* for appellee.—A recorded reservation by the original owner of land of the right to thereafter grant to a railway company or companies "the right of way over" a certain street platted and otherwise expressly dedicated to the public for public street purposes, is not constructive notice to a subsequent purchaser of a lot adjacent or near to said street, that any railway company will ever have more than the mere right of passage over said street together with such passing siding or switches as are usually and customarily used in

the operation of a railway company on its main line; such a reservation is not constructive notice that said street is to be or may be used for depot purposes, or terminal grounds or switch yards for any railway company. Pennsylvania Railroad Co. v. Angel (N. J.), 56 Am. Rep., 1, and notes thereto; Owensborough & N. R. Co. v. Sutton (Ky.), 13 S. W. Rep., 1086; Bussion v. Milwaukee, L. S. & W. Ry. Co. (Wis.), 14 N. W. Rep., 452; Daniel v. Fort Worth & R. G. Ry. Co., 72 S. W. Rep., 578.

CONNER, Chief Justice.—In July, 1887, General G. M. Dodge was the owner of several hundred acres of land traversed by the Fort Worth & Denver City Railway Company, and caused to be made a map or plat thereof for the proposed town of Quanah. The plat was recorded, showing the streets running east and west to be sixty feet in width and parallel with the Denver Railway, and those running north and south to be eighty feet in width, with the exception of McClelland Avenue, which was one hundred feet. The plat also showed certain blocks of land to be reserved for public building purposes and parks, and at a point where McClelland Avenue intersected the Denver Railway quite a body of land was reserved for railway purposes and for a tank. General Dodge at the time the plat was recorded also recorded a dedication deed, of which the following is a copy:

"Know all men by these presents: That, whereas, I, G. M. Dodge, have theretofore, to wit, on the first day of August, 1887, filed a map of the town of Quanah, in the county of Hardeman and State of Texas, in the office of the clerk of the County Court of said county, to be recorded in the record of deeds of said county, together with this deed of dedication, which is intended to be a part thereof. That said town of Quanah is situated immediately upon the line of the Fort Worth & Denver City Railway upon surveys 141, 142, 149 and 150, standing in name of Waco and Northwestern Railway Company upon the official map of said Hardeman County on file in the General Land Office of the State of Texas. And I, after reserving the right to grant to any railway or railway company the right of way over Browning and McClelland Avenues, do hereby grant, give and dedicate to the public as a highway, such portion of each and all of the streets and alleys, designated on said map, as may be contiguous to or adjoining any lots or adjoining any lots or blocks of land so laid out on said map, which have been or may hereafter be conveyed by me to any other person, all other streets and alleys designated on said map, or portions of them, not contiguous to lots and blocks conveyed, are to be and remain my private property, and may be replatted or closed up or occupied by me at my option. Witness my hand this 2d day of July, 1887.

                                                    G. M. Dodge."

After the plat and the dedication deed were recorded Dodge began to sell town lots, and among other sales was lot nine in block 112 upon which plaintiff, in 1899, erected a house, having purchased the lot from Offut, a vendee of Dodge. In the deed from Dodge to Offut in describing the lot, after stating lot and block number, the deed stated "according to the map of said town of Quanah recorded in book 3, pages 171

and 173, deed record Hardeman County," this being the place of record of said deed and plat. The deed from Offut to Dunham contained a like reference to the plat. On June 22, 1902, Dodge, by deed of that date, conveyed to defendant Oklahoma City & Texas Railway Company a strip 56 feet in width from the west side of said McClelland Avenue in the following language: "by the present do grant, bargain, sell, convey and relinquish unto said railway its successors and assigns (for railroad, telegraph and telephone right of way purposes) the right of way upon, over and along said McClelland Avenue." The defendant railway company about the same time acquired by purchase from various parties the fee simple title to one hundred feet adjoining McClelland Avenue on the west side. It also obtained from the city council of the city of Quanah permission to construct its tracks in and on McClelland Avenue and the 100 feet purchase strip. About April 1, 1903, defendant railway company completed the construction of its tracks and depot and began operating trains into Quanah. It constructed on McClelland Avenue on the west 56 feet allowed from Dodge its main track and one side track and near to appellee's residence and between said avenue and said residence, on the one hundred feet purchased, defendant erected its passenger and freight depot, and one side track, called the "house track," the same being constructed between the depot and plaintiff's residence. There was on the one hundred feet between plaintiff's lot on McClelland Avenue, a residence occupied by a family prior to the construction of the railway, which was moved out to make room for the depot. Between plaintiff's residence and house track there was about forty feet of space, which has since the construction of the track been used as a passageway for the public. The passageway or street opens into the street running east and west in front of plaintiff's house.

The plaintiff filed petition setting up ownership of the lot in controversy and alleged that the defendant, by constructing its track and depot as stated, and by operating cars, engines and trains on said railway, had diminished it in its market value in the sum of $750.

The defendant interposed as a defense that plaintiff purchased his lot and constructed his improvements with knowledge that McClelland Avenue would probably be used for railroad right of way and that Dodge, the common source of title, when he conveyed plaintiff's lot, reserved the right to grant to railway or railway companies a right of way on and in said McClelland Avenue, and that Dodge had granted such right of way to defendant.

The jury were instructed that appellee was affected with notice of the reservation in the Dodge deed of dedication, and that in his purchase of property adjacent to McClelland Avenue he assumed the risk of whatever damages the same might sustain by reason of operating trains thereover in the "usual and customary way," and such damages as would result from the construction of a track on such right of way in the "usual and ordinary way." The court further charged that if the jury should "find the operations of the engines and railway on the main track along in McClelland Avenue in proximity to plaintiff's property was not within manner contemplated in the grant of the right of way

by Dodge, and that such operation contributed, as alleged, to the damages charged, then you may under the evidence consider same in determining the damages sustained therefrom, if any." And, in a modification of a special charge given at appellant's request, also "that the defendant had the right to construct a main track through and along McClelland Avenue and operate its engines and general traffic business thereon, and would not be liable to plaintiff for damages in the depreciation of the value of his property thereby, and should you find that switches at that point were reasonably necessary to the operation of said main track so constructed, defendant would not be liable for damages caused thereby; but if you find that defendant erected a depot and switch yards, if any, on said avenue, and in close proximity to plaintiff's property, and by reason thereof a greater burden was placed on said avenue than was contemplated in the grant by Dodge, and that by reason thereof the main line was used in a manner not contemplated in the original grant, and that there was additional use in running their engines and carrying on the traffic of said defendant on said main line, by reason of said depot and said switches, and which, but for such additional switches, etc., would not have been necessary, and you further find that such additional use of said main track, if any, damaged plaintiff's property, then, you should find damages for plaintiff on such additional use occasioned, if any."

In so giving the charge quoted we think there was error as assigned. Thereby damages were authorized because of a mere extension in the use of the right of way beyond that originally contemplated as determined by the jury. No evidence other than the deeds mentioned is cited as showing the limits of the use to be made of the right of way as originally contemplated. The deeds spoke for themselves. It was for the court and not the jury to determine and declare their legal effect, which was, otherwise than as indicated by the charge, to confer upon appellant the right to use its right of way for railway purposes restricted only by the right of the public to the reasonable use of McClelland Avenue and the right of all persons not to have a nuisance imposed. (See Olive v. Sabine & E. T. Ry. Co., 33 S. W. Rep., 142; San Antonio & A. P. Ry. Co. v. Faires, 26 S. W. Rep., 82; Cane Belt Ry. Co. v. Ridgway, 85 S. W. Rep., 496; Railway v. Grossman, 12 Texas Ct. Rep., 743; City of Houston v. Gulf, C. & S. F. Ry. Co., 35 S. W. Rep., 74; Territory of New Mexico v. United States Trust Co., U. S., L. Ed., Bk. 43, 407; Gulf, C. & S. F. Ry. Co. v. Oakes, 94 Texas, 155; Railway Co. v. Pape, 62 Texas, 313; Texas & Sabine Ry. Co. v. Meadows, 73 Texas, 32; Railway v. Railway, 71 Texas, 165; Lewis on Eminent Domain, secs. 565-567; 1 Wood on Railway Law, 654, n. 1.)

As submitted in the charge, the jury in order to assess damages, were not required to find that the use of McClelland Avenue had become so enlarged as to constitute a nuisance, but were permitted to assess damages for a mere increased use of the right of way that may have been occasioned by the location of the depot. The right to so locate and use the depot was lawfully acquired—it is not even disputed—and the mere fact that this was the occasion of the increased use of the right of way can not alter the principle. Whatever may be the cause, the

right to use is the same. The only limitation is, that the use of the right of way must be reasonable and not extend to the point of becoming a nuisance. The mere imposition of more railway tracks, however, or an increased use of tracks . beyond what may have beeen originally thought to be probable does not constitute a nuisance. (Rainey v. Red River, T. & S. Ry. Co., 80 S. W. Rep., 95.) The natural development of the locality and change in conditions may make such enlarged use necessary for the public good. Such changed conditions are to be expected and should be taken into contemplation.

Dodge, at the date of his deed of dedication, had full title to McClelland Avenue and of the land of which appellant's lot constitutes a part. He then had in such land every right or privilege that could be carved out of it. He could convey the whole absolutely or such estate therein as he chose upon any or no consideration as he might desire. He in fact platted the land and dedicated specified parts thereof to the public as passageways. The dedication of an easement or passageway over McClelland Avenue, however, was not made absolute in the general public. Dodge reserved the right, which affected all lands then owned by him, to select one or more railway corporations to which he might also grant an easement or right of passage over this street. This reserved right of course should not be construed as giving Dodge power to thus enable railways to wholly occupy and use the avenue to the entire exclusion of the general public, for to so construe the provision would constitute a repugnant clause enabling Dodge to entirely defeat the dedication to the public, restricted though it was, and which therefore could not be upheld. In this case, however, the public right is not involved. It is not insisted that the use of the avenue as a passing way has been unnecessarily or unreasonably impeded. The question as presented by the record is one of private right merely. Appellee, a private person, complains that by the construction and operation of appellant's railway his property has been injured, and his right of recovery should be restricted, in the absence of allegation and proof of such use of McClelland Avenue as constitutes a nuisance, to such injury, if any, as has been done appellee's property by the erection of a depot and the use and operation of appellant's railway on land not embraced within said avenue.

Because of the error discussed, the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*