(No. 12972.—Reversed in part and remanded.)
THE VILLAGE OF BRADLEY, Appellee, vs. THE NEW YORK
CENTRAL RAILROAD COMPANY, Appellant.

*Opinion filed February 15, 1921.*

1. BILLS OF EXCEPTIONS—*rulings during the trial are subject to review without formal exceptions.* Under the amendment of 1911 to section 81 of the Practice act, any ruling of the court in the progress of the trial is subject to review without formal exception being taken at the time, and may be included either in a bill of exceptions, a certificate of evidence or a stenographic report of the trial made at the term when final judgment is entered or within such further time as the court during such term may fix.

2. SAME—*formal exceptions are necessary to preserve rulings as to motions and in proceedings other than the trial.* The amendment of 1911 to section 81 of the Practice act doing away with formal exceptions to rulings does not apply to motions made during the progress of the case or to proceedings other than the trial, and hence rulings in respect to such motions or proceedings must be preserved at the time they are made or within such time after the term at which they occur as the court during such term may fix.

3. DEDICATION—*when reservation for railroad use makes dedication of street cum onere.* A dedication of a highway or street to the public may be made *cum onere,* and where a dedication is made with a reservation of a right to construct a railroad in the street the reservation imposes on a portion of the street the burden of a railroad use, and if the owner subsequently conveys to a railroad company the right to build and operate the railroad, the public use will be suspended so long as said portion of the street is devoted to railroad purposes.

4. SPECIAL ASSESSMENTS—*when railroad company is entitled to prove damages from interruption of business.* Where the original owner, after dedicating a street to a village with a reservation of the right to build a railroad in the street, sells said right to a railroad company, in a subsequent proceeding to confirm a special assessment for a system of sewers which will require the railroad tracks of said company to be moved to one side during the construction of the sewer, the company is entitled to make proof of the expense of such removal and damages for interruption of its business, even though the company has also paid the village a consideration for the right to build and operate its road in the streets.

5. SAME—*when fact that the property is already provided with sewer facilities does not relieve it from assessment.* In a proceed-

ing to levy a special assessment for the construction of a system of sewers in a village, the fact that certain property is at the time provided with sufficient sewer facilities for its present use will not relieve it from assessment if the effect of the improvement will be to enhance its value for the use to which it is best adapted.

6. JUDICIAL NOTICE—*court will take judicial notice that letters N. and S., when applied to directions, mean north and south.* The Supreme Court will take judicial notice of the fact that the letters N. and S., when applied to directions, are properly read north and south.

APPEAL from the County Court of Kankakee county; the Hon. M. L. McQUISTON, Judge, presiding.

W. R. HUNTER, for appellant.

E. A. MARCOTTE, Village Attorney, (JOHN H. BECKERS, and MORTON T. CULVER, of counsel,) for appellee.

Per CURIAM: In *Village of Bradley v. New York Central Railroad Co.* 277 Ill. 608, the judgment of the county court of Kankakee county dismissing the petition of the village to ascertain the compensation to be paid for property taken or damaged in the construction of a system of sewers under the Local Improvement act and to levy an assessment to pay for the cost of construction upon the property benefited by the improvement was reversed and the cause was remanded, with directions to overrule all the legal objections except objections 11 and 18, and upon those objections to change the assessment, if necessary, so as to produce a just and equitable distribution of the cost of the improvement between the public and the property benefited. Upon the remandment of the cause the distribution of the cost was adjusted, the commissioners, pursuant to the direction of the court, filed a revised assessment roll, there was a trial by jury at the August term, 1917, on the objections of the railroad company, and a verdict was returned finding that the property of the railroad company was benefited and

finding the amount of such benefit. The railroad company's motion for a new trial was denied. It then moved in arrest of judgment, but the cause was continued without disposing of this motion until May 16, 1919, in the April term, 1919, of the county court, when it was denied and judgment of confirmation of the revised assessment roll was entered. The railroad company appealed from this judgment. Time was extended for filing a bill of exceptions, and within the time extended the appellant filed a bill of exceptions, which contained, in addition to the proceedings at the April term, all the proceedings which occurred at the trial at the August term, 1917, though no extension of time had been granted at that time for filing a bill of exceptions.

The appellee moved in this court to expunge from the record all that part of the bill of exceptions relating to proceedings prior to the April term, 1919, of the county court, because those proceedings were not preserved by a bill of exceptions taken at the term of court at which they occurred or within any extension of time allowed by the said court at that term. In 1911 the Practice act was amended, so that section 81 now provides that any adverse ruling upon any question submitted by a party to the court in the progress of a trial shall be matter for review upon appeal or writ of error without formal exception, and that after judgment at the term at which judgment was entered, or within such time thereafter as shall during such term be fixed by the court, any party may submit to the court a stenographic report of the trial containing the evidence and the rulings of the court upon all or any of the questions submitted to and ruled upon by the judge. The judge is required to certify to the correctness of the report if it is correct, and upon being filed it becomes a part of the record as effectually as if it were a formal bill of exceptions. It is immaterial whether the method adopted to incorporate the proceedings in the record is by bill of exceptions, certificate of evidence or stenographic report of the

trial. (*Miller* v. *Anderson,* 269 Ill. 608.) Whatever method may be adopted, any ruling of the court in the progress of a trial upon any question adverse to the party submitting the question is subject to review without formal exception, and may be included in the bill of exceptions, certificate of evidence or stenographic report of the trial made at the term when final judgment is entered or within such further time as the court during such term may fix. The motion of the appellee was therefore overruled. This rule does not apply to motions made during the progress of the case or other proceedings not occurring during the trial. Rulings in respect to such motions or proceedings must be preserved at the time or within such time after the term at which they occur as the court during such term may fix.

The first cause of complaint argued by appellant is that the court refused to permit it to prove damages which would be sustained by it in removing its tracks in Washington avenue between Grove and Lawn streets and in replacing them in their original position, damages for the interruption of traffic during the construction of the sewer, and the expense of maintaining the tracks over excavations to be made for the sewer.

The land upon which the village of Bradley is located originally belonged to J. Herman Hardebeck, who in 1891 laid out the village and platted the west side thereof, which is all that portion lying west of the Illinois Central right of way. The east side was platted by the same owner in 1892. In the acknowledgment and dedication upon the face of the plat the grantor, Hardebeck, reserved to himself the exclusive right to construct and maintain a railroad track or tracks over the streets of the village, or to permit the same to be done, except on a strip ten feet wide on Washington avenue on the west side of block 19, which was reserved for the exclusive use of the owners of the block for a side-track. In February, 1908, Hardebeck and wife quit-claimed to the Chicago, Indiana and Southern Railway

Company, of which appellant is the successor, all the rights of Hardebeck to construct, maintain or operate a railroad track or tracks, or permit the same to be done, over and along Washington avenue aforesaid, except on a strip ten feet wide along the west side of block 19. This deed was duly acknowledged and recorded March 4, 1908. The railroad company paid Hardebeck for this property right the sum of $1250. In 1907 the railroad company and the village of Bradley made an agreement relative to Washington avenue, by which the village by ordinance granted to the railroad company, for a valuable consideration, the right to construct its track along the center line of Washington avenue and other streets. The consideration paid by the railroad company for this agreement was 1000 yards of crushed stone and the conveyance to the village of the right to use an eighteen-inch sewer running from the railroad company's right of way to the Kankakee river. The railroad company afterwards constructed a substantial track, in the center of Washington avenue the entire length of that avenue and has maintained and operated the same since its construction. In the block between Lawn and Grove streets the railroad company also constructed three or four spur-tracks running from the main switch in the center of the street to various industries, and the village in laying out its sewer system located a fifteen-inch sewer directly under the center of said tracks between Lawn and Grove streets. The evidence shows that it will be necessary, in order to put in this sewer as provided by the plans, to remove the tracks of appellant from the center of the street to the side of the street until after the sewer is constructed and then replace them in their original position, and that there will be an extra expense to maintain the tracks so as not to damage the sewer. The appellant attempted to prove what work would be necessary to remove those tracks and replace them, and to show that during that time the traffic over those tracks would be interrupted to the damage of appel-

lant, and to show the amount of its damage for those items and for maintaining the tracks. The court excluded all proof upon those subjects and excluded all evidence from the jury touching those questions of damages.

A dedication of a highway or street to the public may be made *cum onere.* (*State* v. *Society,* 44 N. J. L. 502.) A dedication of land for public use as a street or highway may be made with a reservation to the owner to build and operate a railroad through any street therein named or through any portion of the plat or addition or with a reservation to convey such right to others. Under such a reservation, where the owner subsequently conveys the right to build and operate a railroad on any street within the municipality and such railroad has been built and is in operation, the public use will be suspended and remain suspended so long as that portion is devoted to that purpose. The reservation in this case was of a right simply to impose on a portion of the street the burden of a railroad use. (*Ayers* v. *Pennsylvania Railroad Co.* 48 N. J. L. 44.) The fee of Washington avenue, by the statutory dedication of the owner, vested in the village of Bradley, subject to the easement reserved and granted to the railroad company. This easement was a property right in the railroad company, which it obtained by deed from the original owner of the land and paid $1250 for it. (*Lobdell* v. *City of Chicago,* 227 Ill. 218.) The village of Bradley had no right to take or damage this property right without remuneration, under our constitution. Whatever damage the railroad company may sustain from the construction and operation of the public improvement should be allowed, except damages occasioned by police regulations. (*City of Paris* v. *Cairo, Vincennes and Chicago Railway Co.* 248 Ill. 213.) Damages from interruption of its business and the moving and re-moving of the tracks in question and maintaining them are such damages as are recoverable if the same are necessarily occasioned by the construction of the

sewer in question. The offered proofs tended to show that appellant would be damaged in the particulars named and the court erred in overruling the evidence to establish such damages. The fact that the village had granted the railroad company the right to build and operate a railroad on the streets in question for a consideration paid had no tendency to take away the right of appellant to enjoy its property rights aforesaid.

The appellant has also complained that the description of the right of way of the appellant in the verdict of the jury assessing benefits is so indefinite as to render the verdict void. That verdict reads thus: "We, the jury, find that the property of the C. I. & S. R. R. Co. (New York Central) for all the tracks and switches within the district drained or to be drained by this sewer, including tracks from N. to S. end of Washington avenue of said village, and in block 59, E. ½ of 60, 81, 82, 83 and 84 of said village, North street, South street, West avenue and Goodwin street, will be benefited by the construction of the proposed improvement, and further find the amount of benefits to be $1776.33." The judgment will have to be reversed for the reasons already given, but we think there is merit in the contention of the appellant as to this verdict. We may take judicial notice of the fact that N. and S., when applied to directions, are properly read north and south, and that "N. to S. end of Washington avenue" means north to south end of Washington avenue. But the description is otherwise vague and uncertain in this verdict. This property is described in the assessment roll as "Right of way and right of occupancy of the C. I. & S. R. R. Co. for all tracks and switches," etc., continuing as in the verdict. Had the verdict followed the description in the assessment roll it would have been sufficient. (*City of Nokomis* v. *Zepp*, 246 Ill. 159.) It does not, however, refer to any right of way or right of occupancy, but only to "the property of the C. I. & S. R. R. Co. (New York Central) for all the tracks

and switches within the district," etc. This description is too uncertain to definitely locate the property benefited.

The court did not err in refusing to give appellant's refused instruction No. 3, for the reason that the court gave an instruction in almost the same language and with the same meaning as the one refused.

Complaint is made of the refusal of the court to give an instruction requested by the appellant, that if the east half of block 77 and that part of block 78 lying south and southwest of the C. I. & S. R. R. Co.'s main switch tracks are now amply served by the sewer upon said premises and are not in need of additional sewer facilities the jury should find that those tracts would not be benefited by the construction of the sewer. These were separate tracts, separately assessed, and there was evidence that there was a fifteen-inch vitrified pipe sewer running through this property to the Kankakee river, which afforded ample sewer facilities for the property. The instruction was properly refused because there was evidence that the best use for which these tracts were adapted was for manufacturing purposes and that they would be benefited by the construction of the sewer from $2000 to $3000. The fact that the property was at the time provided with sufficient sewer facilities for its present use would not relieve it from assessment if the effect of the improvement would be to enhance its value for the use for which it was best adapted.

The judgment of the county court is affirmed as to blocks 77 and 78 and reversed as to the other property, and the cause is remanded to the county court for a new hearing as to the latter property. Each party will pay one-half the costs.

*Reversed in part and remanded, with directions.*