FERGUSON SEED FARMS, Inc., v. FORT WORTH & D., S. P. RY. CO.

No. 4172.

Court of Civil Appeals of Texas. Amarillo. Feb. 26, 1934.

Dennis Zimmermann, of Tulia, for appellant.

Griffin & Aitchison and Williams & Day, all of Plainview, and Thompson & Barwise, of Fort Worth, for appellee.

HALL, Chief Justice.

The appellant company filed this suit against the appellee railway company to recover $40,000 alleged to be the damages resulting to the appellant by reason of the wrongful act of the railway company in constructing two tracks of railway, variously called switch tracks, spur tracks, and industrial tracks along Grove street in the city of Plainview, upon which street the appellant's gin property was situated.

It is alleged that in June, 1928, appellee constructed one of the tracks along the west side of Grove street immediately west of appellant's gin. That no condemnation proceedings prior thereto had been instituted by the railway company for the purposes of authorizing it to construct said west side track, nor had condemnation proceedings been instituted since its construction. That thereafter, in October, 1928, the railway company constructed another spur track along the east side of Grove street within a few feet of appellant's gin, office building, scales, and gin yard. That

about sixty days after work was commenced on the east side track, the railway company instituted condemnation proceedings for the purpose of obtaining the right to construct the east side track.

The petition then attacks the validity of the condemnation proceeding, alleging that it was void for several reasons which, in view of the disposition we make of the case, are immaterial and will not be discussed.

The appellant claimed other and definite damages in addition to those usually incident to the proper construction of a railway track, alleging that the railway company had consumed an unreasonable length of time in constructing the east side track; that it was constructed above the grade level of the street; that appellee had failed to restore the street to its former level, as required by R. S., art. 6320, causing water to accumulate and stand on the street, rendering it difficult and dangerous for the customers who patronized the appellant's gin to enter its premises, resulting in great loss of patronage. The prayer is that the railway company be required to remove its tracks from the street, that plaintiff recover its damages, interest, costs, and all legal and equitable relief to which it may be entitled.

The railway company answered by general denial, and pleaded specially that the matters complained of in plaintiff's petition had been adjudicated, in that the defendant had instituted condemnation proceedings against the plaintiff in the county court of Hale county, resulting in an award by the commissioners appointed by the county judge, that the award had been excepted to, the cause had been tried in the county court by a county judge other than the one who had appointed the commissioners, that a trial in the county court resulted in condemning the right of way upon which one of the tracks had been laid, that the issue of the disqualification of the former Judge Mayfield, who had appointed the commissioners, was determined in the county court suit, that there had been no appeal from that judgment, and further alleged that Prudie R. McClelland, under whom the plaintiff claimed title, had reserved the right to build, construct, and operate railroads in said Grove street, and that appellant took its title subject to such reservation so made. That appellee had the consent of and a franchise from the city of Plainview to build and operate the tracks in question.

The sole issue submitted to the jury was the difference in the market value of appellant's

property immediately before and immediately after the construction of appellee's track on the west side of Grove street. In response to the issue, the jury found in favor of plaintiff in the sum of $500, and judgment was entered accordingly.

By its first proposition the appellant attacks the sufficiency of the condemnation proceedings, and by its second proposition asserts that the court erred in holding that the judgment rendered in the county court of Hale county was valid and res judicata as to all of the damages claimed by plaintiff in this suit.

In view of the disposition we make of the case, we deem it unnecessary to discuss the issues presented by these two propositions.

■■ It appears that Mrs. Prudie R. McClelland and her husband, as owners of the property which has been plotted into lots and blocks, in dedicating said property and the streets and alleys therein, used this language in the deed: "We do further dedicate all and each of the streets and alley ways as the same are indicated and shown upon the foregoing map, to which this dedication is attached, for the use of the public for foot travel and for wagon, buggy and other vehicle transportation, but we do expressly reserve all franchise and public utility rights to ourselves so that no person, corporation or company shall hereafter, without our express permission, which permission must be evidenced by an instrument in writing, duly acknowledged and recorded in the deed records of Hale County, Texas, shall own or exercise any right or franchise upon any street so designated upon the above map or the ground of said Nob Hill, so that all rights and franchises to operate railways, street railways, electric light plants, electric light wires, water works, sewerage systems, telephone and telegraph lines and the wires thereof, and other public utilities, be and they are hereby completely and expressly reserved to us as though said streets had not been dedicated to public use in part."

The land was the separate property of Mrs. McClelland, who died testate, appointing her daughter, Mrs. Annie C. Lycan, executrix. It was shown that the will had been duly probated and empowered the executrix to "sell and dispose of any portion of my estate, either real or personal, at public or private sale and in a manner as may to them seem best for the purpose of paying my just debts." It was further shown that Mrs. Lycan, on the 15th day of June, 1931, as executrix, conveyed to the appellee herein: "The absolute right, privilege and franchise to construct, maintain and operate lines of railroad, railroad spur tracks and side tracks, in, along, through and over Grove Street, Sixth Street and Seventh Street in the town of Plainview, Hale County, Texas, and especially to construct, maintain and operate spur and industrial railroad tracks along and or near the east side and along and or near the west side of said Grove street in the town of Plainview."

The deed recites further that the executrix is making the conveyance for the purpose of paying the debts against the estate.

The railway company also introduced an ordinance of the city council of Plainview granting it a franchise to construct, maintain, and use its "industrial tracks, as many as two tracks on and in the . following described streets * * * Grove Street from Third Street to Seventh Street."

No attack is made in this court upon the dedication deed, nor is the right of the executrix to convey to the railway company questioned.

The general rule is that a dedicator may impose such restrictions and reservations as he may see fit when dedicating his property to the use of the public subject to the limitation that the restriction or reservation be not repugnant to the dedication or contrary to public policy. Roaring Springs Townsite Co. v. Paducah Telegraph Co., 109 Tex. 452, 212 S. W. 147; Gibson v. Carroll (Tex. Civ. App.) 180 S. W. 630; 18 C. J. 70.

The record discloses that the city has accepted the dedication and has acquiesced in the reservation contained in the dedication deed. We are not called upon in this case to pass upon the validity of the reservation, except in so far as it applies to the two industrial tracks laid by the railway company upon Grove street.

While there is some authority to the contrary, we are of the opinion, after a careful review of all the cases to which we have been referred and have been able to find in this and other jurisdictions, that the better reason and weight of authority favors the validity of the reservation. A Texas case in point is Oklahoma City & T. R. Co. v. Dunham, 39 Tex. Civ. App. 575, 88 S. W. 849, 851.

According to the facts in that case, one Dodge owned the tract of land upon which the city of Quanah was plotted. He executed a dedication deed containing this reservation: "And I, after reserving the right to grant to any railway or railway companies the right of way over Browning and McClelland Avenues, do hereby grant, give and dedicate to the public a highway such portion of each and all

of the streets and alleys designated on said map as may be contiguous to or adjoining any lots * * * laid out on said map." The map with the deed attached was duly recorded. Afterwards, Dodge sold lot 9 to Dunham, who placed improvements thereon long prior to the time when Dodge conveyed to the railway company a strip 50 feet in width from the west side of McClelland avenue by a deed which recited: "Do grant, bargain, sell and convey and relinquish unto said Railway Company, its successors and assigns (for railroad, telegraph and telephone right of way purposes) the right of way upon, over and along said McClelland Avenue." The railway company then obtained a franchise from the city of Quanah, permitting it to construct its tracks and depot upon and along McClelland avenue; whereupon plaintiff Dunham filed suit against the company alleging that its acts had diminished the market value of his property $750. The trial court recognized the absolute right of the railway company to build its lines along the street, and charged the jury to find damages for plaintiff if they should find that the company had placed a greater burden upon the street than was contemplated at the time of the grant by Dodge. Upon appeal, the Court of Civil Appeals at Fort Worth held such charge to be error, for the reason that it authorized a finding of damages "because of a mere extension in the use of the right of way beyond that originally contemplated." Speaking through Judge Conner, the court further held that the deeds showing the use to be made of the right of way spoke for themselves and conferred upon the railway company the right to use the street for railway purposes, restricted only by the right of the public to the reasonable use of McClelland avenue and the right of all persons not to have a nuisance imposed. After stating that Dodge, at the time he executed the dedication deed with map attached, had full title to McClelland avenue and the lot afterwards conveyed to appellee Dunham, the court said: "He [Dodge] then had in such land every right or privilege that could be carved out of it. He could convey the whole absolutely, or such estate therein as he chose, upon any or no consideration, as he might desire. He in fact platted the land, and dedicated specified parts thereof to the public as passageways. The dedication of an easement or passageway over McClelland avenue, however, was not made absolute in the general public. Dodge reserved the right, which affected all lands then owned by him, to select one or more railway corporations to which he might also grant an easement or right of

passage over this street. This reserved right, of course, should not be construed as giving Dodge power to thus enable railways to wholly occupy and use the avenue, to the entire exclusion of the general public, for to so construe the provision would constitute a repugnant clause, enabling Dodge to entirely defeat the dedication to the public, restricted though it was, and which therefore could not be upheld. In this case, however, the public right is not involved. It is not insisted that the use of the avenue as a passing way has been unnecessarily or unreasonably impeded."

So in this case, the public is not complaining. According to the testimony of A. M. Ferguson, the ground of complaint is, that on account of the fact that the railway company in laying its tracks along Grove street, the grade of the track was raised above the grade of the street, and that its customers, in bringing their cotton to appellant's gin, were subjected to great inconvenience in crossing the tracks by the elevated roadbed and the water which had accumulated because of the manner in which the tracks had been constructed.

In Ayres v. Penn R. R. Co., 48 N. J. Law, 44, 3 A. 885, 888, 57 Am. Rep. 538, it appears that land was dedicated to public use as a highway, subject to the right of the dedicator to designate a portion thereof for railroad purposes. The court said: "A dedication of a highway to the public may be made cum onere. State v. Society, etc., 44 N. J. Law [15 Vroom] 502. From all the circumstances the plain intent was to dedicate to public use as a highway the whole width of 100 feet, subject to an easement for railroad purposes over a portion of the center, reserved to, and to be designated by, the grantor, Brown. When that portion should be designated, and devoted to railroad purposes, the easement of the public highway would be suspended over it, and continue suspended so long as it was devoted to such purposes. * * * By that deed [Brown's deed to the railway company] the portion of the street to be used for railroad purposes was designated, and to that extent the railroad use became paramount to the public use, and will exclude it, so long as that portion of the street is so used."

In Tallon v. Mayor, etc., of City of Hoboken, 59 N. J. Law, 383, 36 A. 693, 696, private owners who were charged with knowledge of reservations in a recorded plot and map dedicating to the public highways for passage by ordinary vehicles and foot passengers, reserving the right of the grantor to lay tracks for horse cars, steam cars, etc., by suit challenged the validity of the reser-

vation. The court said: "A dedication of a highway to the public may be made cum onere. * * * If the use of the soil as a way be offered by the owner under given conditions, and subject to certain reservations, and if the public accept the use under such circumstances, there can be no injustice in holding them to the terms on which the benefit was conferred."

The general rule is declared in 1 Elliott on Roads & Streets (3d Ed.) § 163, in the following language: "An owner may grant whatever estate he sees fit, and may annex conditions and limitations to his grant at his pleasure; provided that such limitations and conditions are not inconsistent with the dedication and will not defeat the operation of the grant. * * * Subject to the limitation we have stated, the dedication must, as the law phrase runs, be accepted 'secundum formam doni.' It is stated in general terms in some of the cases that there may be a partial acceptance, but it seems to us that this doctrine must be taken with some qualification. If the donor should consent that the public might accept part and reject part, then, doubtless, the acceptance, if for the public generally, would be valid: but if he should insist on a full acceptance, we think that on principle he would be sustained by the courts, since to hold otherwise would be, in effect, to compel him to part with his property on terms different from those prescribed in his grant."

See, also, State v. Society, etc., 44 N. J. Law, 502; Village of Bradley v. N. Y. Cent. R. Co., 296 Ill. 383, 129 N. E. 744; Arn v. O. & O. Ry. Co., 171 Ky. 157, 188 S. W. 340, 342.

In this last case there was a written dedication of the streets to public use, reserving to the dedicator the right to control the location of any railroad upon such streets. The dedicator sold this right to a railroad company, which constructed its road in the streets. It was held that the public took the street subject to such reserved right, and in the course of the opinion, citing many authorities, it was said: "The authorities are unanimous, so far as we are aware, in upholding a reservation such as we are considering and in sustaining the right of· a railway company to locate its tracks under authority thereof."

City of Noblesville v. Lake Erie & W. R. Co., 130 Ind. 1, 29 N. E. 484; Brunswick, etc., R. Co. v. Mayor of Waycross, 91 Ga. 573, 17 S. E. 674. See, also Lynchburg Traction & L. Co. v. City of Lynchburg, 142 Va. 255, 128 S. E. 606, 43 A. L. R. 752, and Annotations 766; Cane Belt R. Co. v. Ridgeway, 38 Tex. Civ. App. 108, 85 S. W. 496. For the reasons stated, the first and second propositions are overruled.

By its third proposition the appellant complains of the court's refusal to submit the issues made by its pleading with reference to the track built along the east side of Grove street and its right to recover damages therefor, and because of the loss of profits by reason of the delay on the part of the railway company in constructing the spur tracks, the failure of the railway company to restore the street to its former condition as required by R. S., art. 6320, and its further failure to provide culverts to prevent the accumulation of rain water upon the street.

Some of these were affirmative grounds of recovery, and others were elements to be taken into consideration by the jury in estimating the appellant's damages, if any. T. & P. Ry. Co. v. Mercer (Tex. Civ. App.) 58 S.W.(2d) 896; I.-G. N. Ry. Co. v. Reagan (Tex. Civ. App.) 36 S.W.(2d) 564; 51 C. J. 628 to 632. They could not properly have been considered in the condemnation proceedings. Ft. W. & D. S. P. Ry. Co. v. Gilmore (Tex. Civ. App.) 2 S.W.(2d) 543. It is settled law in Texas that each party has the right to have all of the material ultimate issues of fact made by its pleadings and proof submitted to the jury, and, in the event of the court's failure to do so, the complaining party may, by objections properly filed, call the court's attention to the omission, or present special issues with the request that they be submitted to the jury. He is not required to do both, and should the trial judge fail to correct his charge or to submit the special issues requested, there is sufficient grounds upon which to base an assignment of error. K. C., M. & O. Ry. Co. v. Foster (Tex. Civ. App.) 54 S.W.(2d) 270; Dallas Ry. & T. Co. v. Garrison (Tex. Com. App.) 45 S.W.(2d) 183; Robertson & Mueller v. Holden (Tex. Com. App.) 1 S.W.(2d) 570; Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517.

Because the court failed to submit the plaintiff's case as made by its pleadings, we sustain the third proposition, reverse the judgment, and remand the cause for another trial.

Reversed and remanded.

MARTIN, J., disqualified; not sitting.