**FERGUSON SEED FARMS, Inc., v. FORT WORTH & D.–S. P. RY. CO.**

**No. 4654.**

Court of Civil Appeals of Texas. Amarillo.
Nov. 2, 1936.

Rehearing Denied Jan. 4, 1937.

M. J. Baird, of Sherman, for appellant.

Williams & Day and Meade F. Griffin, all of Plainview, and Thompson & Barwise, of Fort Worth, for appellee.

HALL, Chief Justice.

This case was formerly tried and an appeal was prosecuted, and the judgment reversed by this court in an opinion published in 69 S.W.(2d) 223. Since that time both parties have filed amended pleadings, and, in addition thereto, the appellant filed an application for a change of venue, based upon the ground of prejudice, etc.

The substance of the appellant's first amended original petition which we take from its brief is that the Ferguson Seed Farms, Inc., filed this suit on the 24th day of December, 1929, against the defendant railway company to recover damages to plaintiff's gin and other property by constructing a line of railway along Grove street, upon which street plaintiff's property abutted. It is alleged in substance that plaintiff owned lots 2–12, inclusive, in block 3, Knobb Hill addition to the city of Plainview, and had owned such property since 1924; since that time, and prior thereto, the property had valuable improvements thereon consisting of a modern, well-equipped cotton gin, grain and other warehouses, and buildings, and was suitably located on streets not exposed to houses, and the egress and ingress from the adjacent streets was without inconvenience to vehicular traffic; that said buildings were used in connection with its ginning business, in the preparation of field seeds for market, and the property was conveniently located to a railroad, with complete and unimpeded outlets onto the adjacent streets (Grove street on the west as the front entrance, and Seventh street on the north); that the property was only a half block from Sixth street, which was paved and a designated highway prior to the time defendant railway company built its line along Grove street; that it was easy of access to farmers, and suited to the convenient and proper distribution of cotton, cottonseed, field seeds, and grains, handled by the plaintiff as a part of its business and its source of revenue; that Seventh street was a main thoroughfare from the surrounding country to and from the main business district of Plainview, and that the travel along said thoroughfare which was adjacent to plaintiff's property was a valuable asset; that prior to the wrongs complained of there was nothing to obstruct free travel to and from and along the side of plaintiff's property. As a major cause for the damages to the property, the defendant railway company, having a line extending to and through the city of Plainview, on the 1st day of May, 1928, unlawfully constructed two lines of private spur or service tracks and also used the same as switch service tracks along two sides of Grove street between Sixth and Seventh, and immediately opposite and over the front entrance to plaintiff's seed, grain, and ginning plant; that the spur track was illegally and improperly constructed so as to bring trains and cars operated on said private spur line to within seven feet of the inside property line of the plaintiff's lots, and over and inside the curb line along Grove street between Sixth and Seventh streets; that the two private spur tracks were built along

the west side of Grove street and within the limits of the street, impeding and destroying any easy travel for several blocks; that in constructing and laying said tracks the said railway company filled in and raised the street above its original level and elevated said tracks above the common street and property level approximately two feet; also filled in and built up Grove street between Sixth and Seventh to said level, thus making the level approximately two feet above the property level or ground level of plaintiff's lots, as a result of which filling in and raising of the street, thus causing a sharp decline and a drop of from eighteen inches to two feet and impeded travel going from or into the street, and particularly near the office and scales where customers must drive in order to weigh their vehicles and products, causing much inconvenience, difficulty, danger, and hazard to team and motor vehicles belonging to its customers; that the presence of these tracks and the manner of their construction hindered and prevented many of plaintiff's customers from patronizing plaintiff, and incidentally and as a direct result of same, plaintiff's business was ruined and heavy damages resulted therefrom.

The defendant answered, alleging among other defenses that in cause No. 1702 in the county court of Hale county, the matters sued for by the plaintiff were issues in said cause, in which a final judgment was rendered, disposing of all the matters, from which no appeal was prosecuted; that the said parties in cause No. 1702 were the same as parties in the case at bar, and said judgment was pleaded as res judicata. Defendant further alleged that whatever title plaintiff had to the property was derived from Prudy R. McClelland, and through a dedication deed executed by her and husband in which there was reserved all rights of franchise and public use to themselves, including the right to operate railways in the streets of Knobb Hill addition to the town of Plainview; that plaintiff had no right to complain as to the use of said street; that defendant railway had acquired the rights of said Prudy R. McClelland and her husband to use said streets for railway purposes; that such exclusive right was obtained by reason of a deed from Mrs. Annie C. Lycan, executrix of the will of Prudy R. McClelland, deceased, conveying such rights to defendant in 1930, after the construction of said tracks. Defendant also

alleged that it executed the work of building said tracks with promptness and without the delay as alleged by plaintiff.

The application for a change of venue filed by plaintiff alleged that there existed a widespread and extreme prejudice against the plaintiff in Hale county, where such suit is pending, and against A. M. Ferguson, president of the corporation, and to such extent that plaintiff could not or could not hope to obtain a fair and impartial trial therein. It further alleged that there is a combination existing against plaintiff, instigated by influential persons, by reason of which plaintiff cannot expect a fair and impartial trial, and that there is a combination against A. M. Ferguson that will prevent plaintiff from obtaining a fair and impartial trial, and that all of these objections applied to Lamb county as well.

This application was controverted and testimony was introduced by both parties.

■ The court overruled the application, and that is made the first ground of error in plaintiff's brief.

Defendant objects to the consideration of the assignment based upon the court's action in overruling the motion for change of venue because the alleged error is not presented to this court by formal bill of exceptions reserved during the trial. This was the old rule. Magnolia Pet. Co. v. Long (Tex.Com.App.) 86 S.W.(2d) 450. But by the acts of the 42d Leg.(1931), 1st Called Sess., p. 75, c. 34, §§ 1 and 3 (Vernon's Ann.Civ.St. arts. 2237, 2239), it is provided that no formal bill of exceptions shall be required where the matters complained of, the objections to the court's ruling, and exceptions thereto clearly appear of record. This act became effective in August, 1931, but it is clear from reading Judge Ryan's opinion in the Magnolia Petroleum Company Case, supra, that he did not consider the act above referred to.

The testimony of about thirty witnesses, and much documentary evidence, was introduced by the parties. This evidence appears in a separate statement of facts of 235 pages. We have carefully reviewed it, and have concluded that the court did not err in overruling the appellant's motion.

■ The trial court has a wide discretion in passing on an application for a change of venue in a civil case where the grounds asserted are local prejudice, combination of influential parties, etc., where

these grounds are controverted, and appellate courts will not disturb the order of the trial court unless it is clear that its discretion has been abused. It is questionable whether the testimony of A. M. Ferguson, when taken alone, would have been sufficient to warrant a change of venue, and the general rule is that where there is conflicting evidence, the ruling of the court, either in granting or refusing a change, will not be disturbed if there is sufficient evidence to sustain the trial court's action. Trammell v. Currie (Tex.Civ.App.) 261 S.W. 827.

■ Prejudice of a general nature existing among the great body of the people is not grounds for a change of venue.

The case was submitted to a jury upon eight special issues, only four of which were answered. The findings are in substance as follows: (1) The plaintiff has sustained no damage by reason of the construction by the defendant of what is known as the west spur track on Grove street, prior to June 15, 1931. (2) Plaintiff has sustained $250 damages by reason of the attempted construction by defendant of what is known as the east spur track on Grove street prior to December 18, 1928. (3) In the construction of the east track on Grove street, from Seventh street to Sixth street, the track was improperly or negligently constructed. (4) The defendant did not restore the street to its former state or to such state as to not unnecessarily impair its usefulness after its construction of the east track. Judgment was rendered against the defendant, based upon that verdict.

■ The appellant requested the court to submit the following special issue: "Did the defendant fail to restore Grove Street on which defendant built its tracks to its former state or to such state as not to unnecessarily impair its usefulness within a reasonable time, and thereafter keep the same in repair?"

This proposition is clearly multifarious. It submits three issues, viz.: (1) Did the defendant fail to restore Grove Street to its former state; (2) or to such state as not to unnecessarily impair its usefulness within a reasonable time; and (3) thereafter keep the same in repair? As shown above, the court had submitted a part of this issue to the jury, and no error is shown by the refusal to submit this requested issue. This assignment has been submitted as a proposition, and is followed by two separate propositions which are merely abstractions. They will not be considered.

■ The third assignment is submitted as a proposition, and is: "The trial court erred in the trial of this case by refusing to give plaintiff's Requested Special Issue No. 4 as follows: 'If you have answered special issue (requested by plaintiff) No. 3 in the affirmative, in what form was the business of Ferguson Seed Farms, Inc. damaged, if you find that its business was damaged by the failure of the defendant to restore Grove Street on which defendant built its tracks to its former or to such state as to not unnecessarily impair its usefulness within a reasonable time, and thereafter keep the same in repair?'"

It would have been error if the court had submitted this issue. It assumes the existence of controverted facts, and is multifarious.

Following this is what appellant calls a "First Proposition," which is simply a statement from the record, mixed with argument and citation of authorities. It is overruled.

The fourth assignment is as follows: "The trial court erred in the trial of the said cause when the following proceedings were had. Plaintiff called W. H. Jones, a witness for the plaintiff, and while he was being examined as such witness the following proceedings were had: (The witness having stated that he was formerly a patron of the plaintiff's gin—Question—Have you been caused any inconvenience of any kind since those tracks have been there by reason of the trains on the tracks? Defendant objected. Immaterial and irrelevant. Sustained by the court. Plaintiff excepted. Witness would have answered 'Yes.'"

As part of the same proposition, this is followed by a similar recital as to four other questions, by which plaintiff sought to prove its allegation that the defendant had made it difficult, and, in some instances, impossible for those patronizing its gin to do so on account of the condition of the street. There are no references in this so-called proposition to the statement of facts, but we are referred to the transcript and page showing the motion for new trial. We have read the statement of facts and have not been able to find that any such questions were propounded to the witness Jones, though similar questions were propounded

to another witness upon which no assignment of error is based.

Following this is what plaintiff designates as "First Proposition under Fourth Assignment of Error." This is a recital of the facts as alleged by the pleadings, in which the conclusions of the pleader are stated to the effect that the obstruction caused by the tracks so that its customers "was caused to refrain from hauling his cotton to be hauled to the said gin and place of business of plaintiff, it was error for the court to exclude the testimony."

This is not a proposition. At most it is an imperfect statement which we might consider if it were preceded by a proposition. Appellant then says: "We accept the said proposition as a statement and submit same and without argument but refer the court to the statement and discussion under proposition No. 6 herein since the matters there stated fully explain the importance of the complaint herein and to state it here we think would be a useless repetition."

No argument and no citation of authorities follows this so-called proposition, and since the appellant's counsel declines to discuss it, we will do likewise.

The next matter to be considered is presented as "Assignment No. 5 of Fundamental Error." Plaintiff asserts: "The trial court committed fundamental error of law in submitting to the jury special issue No. 2 as follows: 'What damage, if any, has the plaintiff sustained by reason of the attemped construction by the defendant of what is known as the East spur track on Grove Street prior to December 18, 1928?'"

Plaintiff filed no objections whatever to the charge of the court. He requested the submission of his special issue No. 4 as follows: "As applied to said East track after its construction by the defendant, did it restore the street to its former state or to such state as to not unnecessarily impair its usefulness?"

Plaintiff claims that this requested special issue was sufficient to relieve it of the necessity of objecting to the charge and to call the court's attention to the error in special issue No. 2. This does not present fundamental error.

In the discussion of the supposed error, plaintiff wanders off into an attack upon a former county judge of Hale county, asserting that said judge permitted the street to be condemned for trackage purposes because it enhanced the value of certain lots owned by said judge to the extent of $1,000. The record shows that another judge presided at the condemnation proceedings, and that the misconduct of the former judge was thoroughly discussed and ventilated at that trial, which resulted in decreeing the railway company the right to condemn the property for right of way purposes. There was no appeal from that judgment, so all of this discussion is foreign to any issue in this case.

Assignment No. 6 seems to be based upon the action of the court in admitting in evidence a dedication deed by the original owner of the Knobb Hill addition. This deed was offered by the defendant and admitted in evidence. The only objection made by plaintiff as to its admission was that it was irrelevant and immaterial to any issue in the case. This was tantamount to no objection. Objections to evidence upon the ground that it is immaterial, irrelevant, or incompetent, which do not specifically state why the proffered testimony is irrelevant, immaterial, or incompetent, are uniformly held to be no objection whatever, and it is not error for the trial court to overrule such objections. 3 Tex.Jur. §§ 127 and 157.

Appellant's brief presents no reversible error, and the judgment is therefore affirmed.

MARTIN, J., disqualified.