## JEWETT et al., *vs.* WHALEN.

### APPEAL FROM CIRCUIT COURT, DANE COUNTY.

Heard February 8.]                              [Decided May 4, 1860.

### *Pleading—Bill of Exception—New Trial.*

In an action against J. W. the declaration averred that the notes on which the suit
was brought were signed by the defendant in the name and style of A. W. Such
notes would bind the defendant as fully as if signed by his true name.

The supreme court will not examine the testimony to see whether it sustains the
finding of the circuit court, unless there has been a motion for a new trial.

This was an action brought by John H. Jewett, James L.
Gates and Henry Johnson, against James Whalen, by attach-
ment. The facts of the case sufficiently appear by the opin-
ion of the court. The evidence was all saved by a bill of
exceptions, but there was no motion for a new trial. Judg-
ment was rendered for the plaintiffs, and the defendant ap-
pealed.

*W. H. Tucker*, for the appellant.

*J. C. Hopkins*, for the respondent.

*By the Court*, COLE, J. This action was commenced in
1854, by a writ of attachment, &c. The declaration contains
the usual *indebatatus* count, and two special counts, upon
two promissory notes, which constituted the cause of action.
Issue was made up on the merits of the action, and there was
also a traverse of the allegations of the affidavit, upon which
the writ of attachment was issued. A jury trial was waived by
the parties, and both the issue upon the traverse of the affida-
vit and on the merits, was tried at the same time by the cir-
cuit court, and judgment rendered upon the notes against the
appellant.

Upon an examination of the record we think the only question presented by it for our consideration is, whether the notes admitted in evidence were competent proof under the allegations of the declaration. The admissions of these notes in evidence was objected to on the ground that they were signed and executed by Alexander Whalen, who was alone liable on them, and consequently did not tend to sustain an action brought against James Whalen. The material allegations of the two special counts of the declaration are, in substance, that the defendant, under the name and title of Alexander Whalen theretofore, &c., made the notes. The declaration is evidently framed upon the theory that the appellant, for the purpose of securing his own debt, gave his own notes, executing the same under the name of Alexander Whalen. We suppose there can be no doubt but that the appellant might bind himself by any signature he thought proper to adopt, providing it appeared that he used it as a substitute for his own name. See *Baker vs. Deming*, 8 Adol. & Ellis, 94, 35 Eng. C. L., 335; *Rodgers vs. Coit*, 6 Hill, 322; *Brown vs. The Butchers & Drover's Bank*, id., 443; *The Merchant's Bank vs. Spicer*, 6 Wend., 443; *Palmer vs. Stephens*, 1 Denio, 472.

Whether the appellant, in executing the notes, did adopt and use the name of Alexander Whalen as and for his own name, intending to bind himself by that designation, was a proper question to be determined by the court, upon all the evidence given on the trial. In the attitude of this case we are not called upon to look into the testimony. No motion was made for a new trial. There is some slight testimony in the case tending to show that the appellant, when buying goods in Chicago, represented or stated that his name was Alexander Whalen; and the evidence might have satisfied the circuit court, that he gave these notes as his own. If he did he was undoubtedly liable upon them. The action clear-

ly proceeds upon the idea that they were the appellant's notes, and not the notes of any other person, and in that view of the case, and under the allegations of the declaration, we think they were competent testimony.

The judgment of the circuit court is affirmed.

Dixon, C. J., having tried this case in the circuit court, took no part in the decision in the supreme court.