The Tyler Tap Railroad Co. v. J. Driscol & Co.

1. MECHANIC'S LIEN—RAILROAD.—Neither under the Constitution nor statute law is a mechanic's lien given on a railroad, including its road-bed and franchise, for work and labor done and materials furnished.

2. MECHANIC'S LIEN—STATUTES CONSTRUED.—The act of August 7, 1876, (Rev. Stats., art. 461,) so far from showing a legislative intent to subject structures such as railroads to a mechanic's lien, contains provisions which show the contrary. (Rev. Stats., arts. 3169–3171.)

3. MECHANIC'S LIEN—RAILROAD.—The Constitution does not, of itself, impose a mechanic's lien for work and labor done, or materials furnished, on a railroad, on its road-bed and chartered privileges, nor does it require the Legislature to do so.

APPEAL from Smith.    Tried below before the Hon. John C. Robertson.

Suit by Driscol & Co. for the recovery of a debt of $8,312.48 claimed for work and labor done by them for defendant, and for materials furnished by plaintiffs under a written contract, entered into by plaintiffs and defendant on the 8th day of Sep-

tember, in which the plaintiffs agreed to erect the bridges and construct the cattle-guards on defendant's road between Tyler, in Smith county, and Ferguson, in Upshur county, Texas, according to certain specifications, and on certain terms therein stated, and for the enforcement of the mechanic's or contractor's lien claimed on defendant's road therefor.

The defense was, that the plaintiffs had no mechanic's or contractor's lien on defendant's road, and that defendant was entitled to payments, credits, and offsets against plaintiffs' claim to the amount of $7,237.23.

Both parties having waived a jury, the court gave judgment for the plaintiffs for the sum of $1,074.65, with interest at eight per cent. from the date of judgment, for the costs of the suit, and for foreclosing the mechanic's or contractor's lien on defendant's road between Tyler, in Smith county, and Ferguson, in Upshur county, in the State of Texas.

The first assignment of errors was as follows: "The court erred in its judgment in establishing and foreclosing the contractor's or builder's lien claimed by plaintiffs on defendant's road, in that there was no law of the State of Texas at the date of the contract, under which plaintiffs claimed their lien, nor at the date of the trial and judgment in the case, that provides for a contractor's or builder's lien on railroads."

The fourth assignment of errors was as follows: "The court erred in its judgment overruling the second ground of defendant's motion for a new trial, in this, that the judgment of the court establishing and foreclosing the contractor's or builder's lien on defendant's entire road is contrary to the law and the evidence in the case, because the law requires, among other things, that plaintiffs should have filed and recorded their contract in the county or counties where their materials were furnished and their work was done, in order to the establishment and foreclosure of the lien claimed by them, and because the evidence shows that defendant's road is partly in Smith and partly in Upshur counties, and that the work claimed to have been done by plaintiffs on defendant's road is partly on the

portion of the road in Smith county and partly on the portion of the road in Upshur county, and because the evidence shows that plaintiffs never filed nor recorded their contract in Upshur county, but only filed and recorded it in Smith county."

There was a motion for a new trial by defendant, and the court having overruled it, the road gave notice of appeal.

*Tignal W. Jones*, for appellant.

I. The act of November 17, 1871, passed at the second session in 1871, (p. 28,) does not, in terms, provide for the mechanic's or contractor's lien on railroads, nor does the act of August 7, 1876, (Acts of 1876, p. 91,) make any provision, in terms, for such a lien. And the courts will not, by construction, extend such lien to railroads where the statute creating the lien makes no provision for it in terms. (Phil. on Mech. Lien, sec. 15.)

II. The act of February 18, 1879, (Acts of 1879, p. 8,) is the first and only act of the Legislature of the State of Texas that provides, in terms, for the mechanic's lien on railroads. This suit was commenced in the District Court of Smith county, Texas, on February 28, 1878, nearly a year previous to the passage of the act of February 18, 1879.

III. The act of August 7, 1876, (Acts of 1876, sec. 1, p. 91,) like the act of November 17, 1871, limits the mechanic's or contractor's lien to the particular work done and materials furnished, and to the particular land, lot or lots on which the work is situated.

The plaintiffs, in their petition, assert the mechanic's or contractor's lien on defendant's entire road, extending from Tyler, in Smith county, to Ferguson, on the Texas and Pacific Railroad, in Upshur county, Texas, and the lien is established and decreed by the court to be foreclosed on this entire road.

IV. If the mechanic's or contractor's lien on railroads is provided for at all by the act of 1871, or the act of 1876, it is given upon the particular work and materials, and the particular parts of the road on which the work is done and for which

the materials are furnished. Phillips, in his work on Mechanic's Liens, sec. 182, p. 259, says that "the mechanic's lien may be on parts of a railroad without being on the whole road."

V. It does not appear at what particular places on defendant's road in Smith county, nor at what particular places on defendant's road in Upshur county, Texas, plaintiffs performed their work; but it does appear that a part of their work was done in Smith, and the other part in Upshur county.

*Reaves & Dodd*, for appellees.

I. By statute and the provisions of the Constitution, appellees were secured in their mechanic's lien upon the railroad of appellant. (Acts of 1876, pp. 91, 92; Const. of 1876, art. 16.)

II. If appellees had a lien, it necessarily extended to the whole railroad and to land necessarily connected therewith. (Acts of 1876, pp. 91, 92; Paschal's Dig., art. 4912.)

III. Under our statutes railroads, including the road-bed, track, right of way, franchises, and chartered powers constitute an entirety and form a whole, and cannot be severed and sold in parcels or lots. (Paschal's Dig., art. 4912.)

IV. The appellees, under the Constitution of this State, are secured in their lien upon appellant's railroad, and that notwithstanding the Legislature may have failed to enact a law for the speedy enforcement of the same. The court below, in the exercise of its powers as a court of equity, had the right to form the remedy and decree its enforcement. (Const. of 1876, art. 16, secs. 35, 37; Acts of 1876, pp. 91, 92; Paschal's Dig., art. 7112; Phil. on Mech. Liens, secs. 2, 469, 478; Peck *v.* Jenness, 7 How., 620; Coleman *v.* Freeman, 3 Kel., (Ga.,) 140.)

GOULD, ASSOCIATE JUSTICE.—Driscol & Co. sued the railroad company for work and labor done and materials furnished under a written contract to erect the bridges and construct the cattle-guards on defendant's road between Tyler, in Smith county, and Ferguson, in Upshur county, claiming a mechanic's lien on the railroad. Plaintiffs recovered judgment for

$1,074.65, foreclosing also the lien claimed on the railroad, including the road-bed, franchise, and chartered powers and privileges, from Tyler to Ferguson.

The railroad company complains of that part of the judgment enforcing the mechanic's lien, and maintains that there was no law of the State at the date of the contract or judgment providing for a contractor's or builder's lien on railroads.

On the part of appellees, the lien is claimed under "An act to provide for and regulate mechanics', contractors', builders', and other liens in the State of Texas," approved August 7, 1876, and under sections 35 and 37 of article 16 of the Constitution, which they say give the lien without further legislation. Section 35 of article 16 of the Constitution requires the Legislature to pass laws to protect laborers on railroads and other public works against the failure of contractors and subcontractors to pay their wages. We think it manifest that this section has no reference to contractors or builders, and the law enacted in pursuance of the section shows that such was the view taken of it by the Legislature. (Rev. Stats., Appendix, p. 6; Aiken v. Wasson, 24 N. Y., 482; Balch v. New York and Oswego Railroad Co., 46 N. Y., 521.)

Section 37 of article 16 reads: "Mechanics, artisans, and material-men of every class shall have a lien upon the buildings and articles made or repaired by them for the value of the labor done thereon, or material furnished therefor; and the Legislature shall provide by law for the speedy and efficient enforcement of their liens."

The law enacted under this section provides: "That any person or firm, lumber dealer, artisan, or mechanic who may labor or furnish material, machinery, fixtures, and tools to erect any house improvement, or to repair any building or any improvement whatever, shall have a lien on such house, building, fixtures, or improvements, and shall also have a lien on the lot or lots, or land necessarily connected therewith, to secure payment for labor done, lumber, material, or fixtures furnished for construction or repairs." (Rev. Statutes, title

2

LIENS, ch. 2.) The subsequent portions of this act, so far from containing anything showing that structures such as railroads were contemplated, has provisions which show the contrary. The lien given on land in the country extends to fifty acres, and on lots in a town includes the lots upon which the improvements are situated. (Rev. Stats., arts. 3169, 3170.) The person enforcing the lien is allowed to have the land or lots sold, or the improvements only. (Rev. Statutes, art. 3171.) These provisions are inappropriate and insufficient to designate the extent of a lien on the bed of a railroad, and are inconsistent with the general railroad law, which contemplates the sale of "the entire road-bed, track, franchise, and chartered powers and privileges." (Rev. Stats., art. 4262.) The language of the statute does not indicate any intention to give a lien on railroad-beds and corporate franchises, nor are any of its provisions as to the extent of the lien or the mode of its enforcement such as would be appropriate to such a lien.

The statute, in our opinion, does not embrace railroad-beds or franchises. Similar statutes have been construed in other States, and have been generally held not to embrace them. (Foster *v.* Fowler, 60 Penn. St., 27; La Crosse and Milwaukee Railroad Co. *v.* Vanderpool, 11 Wis., 124.)

In most of the States there are special statutes regulating liens on railroads. (Jones on R. R. Securities, sec. 582 *et seq.*)

The statute was evidently passed in obedience to section 37 of article 16 of the Constitution, and shows the legislative construction of that section. We concur in that construction, and think that the Constitution does not, of itself, impose the lien claimed, nor does it require the Legislature to do so.

Because of the error of the District Court in enforcing a mechanic's lien, the judgment is reversed and reformed so as to allow the plaintiffs' moneyed judgment against defendant to stand, but so as to give them no lien.

REVERSED AND REFORMED.

[Opinion delivered October 17, 1879.]

[Justice BONNER did not sit in this case.]