**MULLOY et al. v. HUMBLE OIL & REFINING CO. (No. 1458.)**

(Court of Civil Appeals of Texas. El Paso. April 5, 1923. Rehearing Denied May 3, 1923.)

**Mechanics' liens ⚖️24—Oil well not a "building" or "article" on which materialman's lien can attach without compliance with statute.**

An oil well is not a building or an article within Const. art. 16, § 37, providing mechanics, artisans, and materialmen shall have a lien upon the building and articles made or repaired by them, so that in order for a materialman under a contract not granting a lien to secure such lien on an oil well and the land or leasehold estate upon which it is situate, there must be a compliance with Acts 1917, c. 17 (article 5639a et seq., Vernon's Ann. Civ. St. Supp. 1918, or Complete Tex. Statutes 1920).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Article; Building.]

Appeal from District Court, Eastland County; Geo. L. Davenport, Judge.

Action by the Humble Oil & Refining Company against J. J. Mulloy and others. From an order overruling their plea of privilege, defendants appeal. Reversed and remanded.

Chandler & Pannill, of Stephenville, for appellants.

Jno. C. Townes, Jr., and Hines H. Baker, both of Houston, and Turner & Seaberry, of Eastland, for appellee.

HIGGINS, J. The appellants appeal from an order overruling their pleas of privilege to be sued in the county of their residence.

The suit was brought by the appellee in Eastland county to recover the purchase price of certain casing and other materials furnished and used in the drilling and completion of an oil and gas well upon land situate in Eastland county; the appellants being the owners of an oil and gas lease upon such land and owners of the well.

In addition to the recovery of the purchase price, appellee sought to establish and foreclose a materialman's lien upon the well and leasehold estate. The material was furnished under a written contract with the owners of the well and lease, but the instrument did not grant any lien. Appellee took no steps to comply with the statutory provisions governing the fixing of liens in cases of this nature, but contends that, independent of compliance with the statutory provisions, it has a lien under section 37, art. 16, of the constitution, which provides:

"Mechanics, artisans and materialmen, of every class, shall have a lien upon the buildings and articles made or repaired by them, for the value of their labor done thereon, or material furnished therefor; and the Legislature shall provide by law for the speedy and efficient enforcement of said liens."

If an oil well is a "building" or an "article" within the meaning of the constitutional provision, then appellee has a lien under the Constitution, and the venue was properly laid in Eastland county. Certainly an oil well is not a building. The word "article" is of broad significance, but, if an oil and gas well is to be regarded as a mere "article," then it would be difficult to imagine an instance of labor done or material furnished which would not fall within the meaning of the term.

We are of the opinion that such a well is not to be regarded as within the scope of section 37, art. 16, of the Constitution, and that, in order for a materialman to secure a lien upon the same and the land or leasehold estate upon which it is situate, there must be a compliance with chapter 17, Acts of 1917 (article 5639a et seq., Complete Texas Statutes 1920, or Vernon's Ann. Civ. St. Supp. 1918).

So far as we are advised, this precise question has not been passed upon, but in support generally of the conclusion reached see Barton v. Wichita, etc. (Tex. Civ. App.) 187 S. W. 1043; Banner Oil & Gas Co. v. Gordon (Tex. Civ. App.) 235 S. W. 945; Railway v. Driscol, 52 Tex. 13.

Reversed and remanded, with instructions to change the venue to the county of appellants' residence.