**CAMPBELL et al. v. CITY OF DALLAS.**

No. 2020.

Court of Civil Appeals of Texas. Waco.

Oct. 20, 1938.

Rehearing Denied Nov. 17, 1938.

Hoyet A. Armstrong and Haskell H. Cooper, both of Dallas, for appellants.

H. P. Kucera, City Atty., and J. Manuel Hoppenstein and A. J. Thuss, Asst. City Attys., all of Dallas, for appellee.

ALEXANDER, Justice.

This suit was brought by Eugene Campbell and E. L. Dalton against the city of Dallas to recover the value of certain sewer lines and water mains previously installed by them in Santa Monica addition to the city of Dallas and alleged to have been appropriated to its own use by the said city of Dallas. Trial before the court without a jury resulted in judgment for the defendant. Plaintiffs appealed.

The material facts are these: In 1925, J. P. Williams owned a tract of land outside of but near the limits of the city of Dallas, which he platted into a city addition under the name of Santa Monica addition to the city of Dallas. On March 11, 1925, he entered into a contract with Eugene Campbell for the installation of sewer and water mains in said addition. This contract provided for the payment of 85 per cent of the contract price as the work progressed and the balance on completion. Campbell was not given any lien to secure the payment of the contract price. On April 2, 1925, Williams and his wife by an instrument in writing adopted a plat of said addition and dedicated "to the use of the public forever, all streets and alleys thereon shown, reserving, however, to ourselves and assigns the right to use said streets and alleys for the purposes of laying and maintaining water, sewer, gas, electric and telephone lines on, over or under any or all streets and alleys * * *." On April 3, 1925, said J. P. Williams and his wife transferred all of their right, title and interest in and to the property located in said addition to Bert Blair & Company, and the latter assumed Williams' contract with Campbell. Dalton appears to have been a silent partner of Campbell. It seems to have been in the contemplation of all the parties at the time the contract was entered into that said sewer and water system should be so erected as to connect with a similar system through the Hollywood addition to the city of Dallas, which was connected with the main sewer and water systems of the city of Dallas. The specifications required the contractor to construct the systems in accordance with plans and specifications furnished by the city engineer of the city of Dallas and under the inspection and supervision of his department and it was contemplated by all parties that said systems should connect with and be operated through the sewer and water systems of the city of Dallas when same should be placed in operation. While the work of installing the sewer and water systems was in progress, Bert Blair & Company, on May 28, 1925, entered into a written contract with the city of Dallas, whereby, in consideration of the privilege of connecting said sewer and water systems with the sewer and water mains of the city of Dallas and other considerations, it was agreed on the part of Bert Blair & Company as follows:

"That the said applicant expressly covenants and agrees that should at any time in the future all or any part of the territory in which said sewer pipes herein contracted for by the said applicant are laid or maintained, be taken into the city of Dallas, then all such pipes lying in the streets and alleys of the territory so taken into the city shall become the property of the city of Dallas, free from all liens, deeds or other incumbrances of any nature whatsoever, and the city of Dallas shall thereafter exercise complete ownership and control of the said sewer pipes as are taken in and embodied within the corporate limits of the city and said sewer and water pipes shall at once become the property of the city of Dallas."

This contract was filed for record in the office of the county clerk on July 22, 1925. Bert Blair & Company was unable to fulfill its contract to pay Campbell 85 per cent of the contract price for installing the sewer system as the work progressed. Consequently, on July 16, 1925, Bert Blair & Company entered into a written contract with Campbell wherein it was recited that certain estimates provided for in the original contract had not been paid as provided therein; that Campbell had received the sum of $15,000 on his contract and was to receive $6,000 on July 18th, leaving a balance to be paid when the work should be completed of approximately $13,000. Said contract further provided: "It is expressly stipulated that said contractor shall have and does hereby retain full and complete title to all the improvements mentioned in, provided for, and furnished and constructed under the terms of the said contract, and such title shall remain and be vested in contractor until the full and final payment

of all sums due and to become due thereunder."

Thereafter, on December 24, 1925, Bert Blair & Company executed and delivered to Campbell a deed of trust on the sewer and water lines in question to secure the payment of the balance of the contract price amounting to $19,300. Later, Campbell foreclosed the deed of trust by sale and bought in the property. On November 29, 1929, Santa Monica addition was legally annexed to and became a part of the city of Dallas. Shortly after the addition was taken into the city of Dallas, said city took charge of said sewer and water system and has been operating same and has refused to pay the plaintiffs therefor or for the value of the use thereof.

The parties have devoted a large part of their briefs to the question as to whether, in dedicating the streets and alleys in Santa Monica addition to the use of the public, the reservation attempted to be made by Williams and wife of the right to use said streets and alleys for the purpose of laying and maintaining sewer and water mains was repugnant to the grant and contrary to public policy and therefore void. Appellants cite and rely on Oklahoma City & Texas Railway Co. v. Dunham, 39 Tex.Civ. App. 575, 88 S.W. 849 and Ferguson Seed Farms v. Fort Worth & Denver, South Plains Railway Co., Tex.Civ.App., 69 S.W. 2d 223; and appellees cite Moser v. Greenland Hills Realty Co., Tex.Civ.App., 300 S.W. 177. However, the view taken by us on other points in the case renders a decision of this question unnecessary.

■ At the time the original contract was entered into between Williams and Campbell, the latter was not given any expressed lien on the sewer and water mains to be erected by him to secure the payment of any unpaid balance due him. Campbell made no attempt to comply with the provisions of R.S. art. 5453, Vernon's Ann.Civ. St. art. 5453 as amended, for fixing a lien thereon. He was not engaged in erecting a building or making or repairing an article within the contemplation of art. 16, sec. 37 of our State Constitution, Vernon's Ann. Civ.St.Const. art. 16, § 37, and therefore did not have a constitutional lien thereon. Ball v. Davis, 118 Tex. 534, 18 S.W.2d 1063, par. 6; Mulloy v. Humble Oil & Refining Co., Tex.Civ.App., 250 S.W. 792.

■ The contract between Bert Blair & Company and the city of Dallas of date May 28, 1925, by which it was agreed that should said addition or any part thereof at any time in the future be taken into the city all sewer and water pipes then lying in the streets and alleys thereof should become the property of the city of Dallas free of all liens, was made before Campbell acquired his first lien on the sewer and water system on July 16, 1925. Said contract was not recorded until July 22, 1925, but there was evidence sufficient to authorize the court to find that both Campbell and his silent partner, Dalton, had knowledge thereof prior to the time Campbell took a lien on the property. Notice to either of the partners was notice to the other. 32 Tex.Jur. 343. In the absence of an express finding by the court on this issue, we must presume a finding in such manner as to support the judgment and must therefore presume that the court found that Campbell and Dalton had notice of such contract at the time they took their first lien on July 16, 1925, and also at the time they took their deed of trust on December 24, 1925. This contract between Bert Blair & Company and the city of Dallas, although executory in some respects, had the effect of vesting in said city an equitable interest in the property with the full right of becoming the owner thereof, free of all liens, upon the annexation of said territory to the city and whatever right Campbell and his silent partner, Dalton, acquired under their lien contract of date July 16, 1925, as well as the subsequent deed of trust of date December 24, 1925, was burdened with and subject to the prior right of the city of Dallas. 43 Tex.Jur. p. 240, par. 144; 66 C.J. 702, 1060; American National Ins. Co. v. Bass, Tex.Civ.App., 111 S.W.2d 769; Alworth v. Ellison, Tex.Civ.App., 27 S.W. 2d 639; Aurelius v. Stewart, Tex.Civ.App., 219 S.W. 863. Consequently, the city of Dallas was entitled to assume possession and control of said sewer and water system upon the annexation of said territory to the city and is not liable in damages to appellants for so doing.

The judgment of the trial court is affirmed.