**R. M. TAYLOR et al.**

v.

**Roy RIGBY d/b/a Rigby Plumbing Co.**

**No. 1160.**

Court of Civil Appeals of Texas, Tyler.

Nov. 22, 1978.

Rehearing Denied Dec. 21, 1978.

James R. Cornelius, Jr., Zeleskey, Cornelius, Rogers, Berry & Hallmark, Lufkin, Charles E. Fitch, DeLange, Hudspeth, Pitman & Katz, Houston, for appellants.

Bill McWhorter, McWhorter & Earley, Nacogdoches, for appellee.

McKAY, Justice.

Appellee, Roy Rigby d/b/a Rigby Plumbing Company, brought suit against R. M. Taylor and wife, and the First Bank and Trust Company of Lufkin, as Trustee for the First State General Employee Benefit Trust, seeking to foreclose a contractual, a statutory and a constitutional lien on a tract of land in the hands of subsequent purchasers; alternatively, Rigby prayed for $35,480 for labor, materials and renting of equipment in quantum meruit. Taylor and wife answered by general denial, and specifically denied that Rigby had any lien in that he failed to comply with either the constitutional provisions, the statutory provisions or the recording statutes which would create any lien. The bank answered by general denial, and pled waiver and estoppel; that the statutory lien statutes constitute an unconstitutional taking of property rights without due process of law; and that if it should be determined that Rigby had or has a valid constitutional or statutory lien then the bank is entitled to the first proceeds by virtue of its lien on the property. The bank also filed a cross-action for the first proceeds.

Trial was to a jury; the trial court rendered judgment for Rigby, foreclosing a contractual lien, a constitutional lien and a statutory lien. Both the Taylors and First Bank and Trust appeal.

On April 15, 1971, W. C. Murphrey and wife entered into a written contract with Rigby for plumbing work on 30.5 acres of their land which they planned to use as a mobile home park. The contract provided for a lien in favor of Rigby. Rigby completed a portion of the work but stopped work when weekly progress payments were not made as called for by the contract. Rigby demanded payment, then filed his lien contract for record in Nacogdoches County on May 24, 1971.

On May 5, 1971, the Murphreys executed a note and deed of trust to Stone Fort National Bank covering the same 30.5 acre tract. The Murphreys defaulted on this

note and Stone Fort Bank, acting through its trustee, foreclosed its deed of trust lien and sold the property to Taylor and wife. The deed to the Taylors was filed for record April 4, 1972.

On March 29, 1972, Rigby sued the Murphreys for the money due on his contract, and default judgment was taken on August 10, 1972, in the amount of $30,000.

On December 5, 1972, the Taylors executed a deed of trust to First Bank and Trust covering the same tract, and such deed was filed for record December 13, 1972.

The time element in the sequence of events follows:

| Date | Event |
|---|---|
| Aug. 15, 1970 | The Murphreys bought land, including both tracts involved here, and gave deed of trust to Stone Fort National Bank. |
| Apr. 15, 1971 | Rigby contracted with Murphreys to make improvements (laying sewer and water lines) on the 30.5 acre tract for $56,497.50, said contract giving plaintiff a lien on said tract as security for payment. |
| Apr. 17, 1971 | Rigby began work. |
| May 5, 1971 | Murphreys borrowed $10,000 from Stone Fort National Bank to finance construction of a KOA building on an adjoining 24.5 acre tract, and gave the bank a second lien deed of trust (on both tracts). |
| May 24, 1971 | Rigby recorded contract with County Clerk in Mechanics' and Materialmen's Lien Records (following failure to receive weekly progress payments from Murphreys). |
| Mar. 29, 1972 | Rigby filed petition in suit against Murphreys, claiming $30,000 due for labor and materials furnished under the contract. |
| Apr. 4, 1972 | Trustee under second lien deed of trust held trustee's sale of both tracts and sold them to Defendant Taylor for $15,600. |
| Apr. 10, 1972 | Stone Fort National Bank sold the first note and deed of trust to Taylor for $42,067.85 by an assignment of lien. |
| Aug. 10, 1972 | Rigby took default judgment against Murphreys in that suit for $30,000. |
| Aug. 16, 1972 | Rigby filed abstract of judgment obtained against Murphreys. |
| Dec. 5, 1972 | Taylors executed deed of trust to Lemke, Trustee for benefit of First Bank & Trust of Lufkin (a defendant here), as Trustee for First State General Employee Benefit Trust, said deed of trust covering both tracts. |

The jury found [1] that Rigby performed his obligations to the Murphreys under the

---

1. "SPECIAL ISSUE NO. 1

"Do you find from a preponderance of the evidence that Roy Rigby performed his obligations to the Murphreys under the contract of April 15, 1971.

"In connection with the above issue, you are instructed that one party is relieved of his obligation to continue his performance under a contract after the other party has failed to perform his obligations under the contract.

"Answer 'We do' or 'We do not'.

"Answer: 'We do.'

"SPECIAL ISSUE NO. 2

"Do you find from a preponderance of the evidence that the Stone Fort National Bank through its loan officer and employee, Elbert Sowell, had notice of the work and lien of plaintiff Roy Rigby at the time of the execution of the Deed of Trust by W. C. (Patrick) Murphree [sic] and wife, Zuma Murphree [sic] on May 5, 1971?

"ANSWER: 'We do' or 'We do not'

"ANSWER: 'We do'

["By the word 'Notice' as used in this charge is meant knowledge of the existence of the fact inquired about, or knowledge of facts which would naturally lead a prudent person to make an inquiry which would lead to discovery of the fact inquired about."]

"SPECIAL ISSUE NO. 3

"Do you find from a preponderance of the evidence that the failure of Roy Rigby to warn R. M. Taylor of his lien, misled R. M. Taylor to his injury so as to estop Roy Rigby from now asserting his lien?

"ANSWER: 'We do' or 'We do not'

"ANSWER: 'We do not'

"SPECIAL ISSUE NO. 4

"Do you find from a preponderance of the evidence that Roy Rigby waived his claim to a lien on the land involved in this suit?

"Answer 'We do' or 'We do not'.

"Answer: 'We do not'

["You are instructed, that in connection with this charge, the term 'Waiver' is meant, an intentional relinquishment of a known legal right available to a party."]

"SPECIAL ISSUE NO. 5

"Do you find from a preponderance of the evidence that R. M. Taylor did not have actual knowledge of Roy Rigby's lien on the land involved in this suit, and did not have actual knowledge of any fact or facts that would cause a party of ordinary prudence to make inquiry as to such claim on or before April 4, 1972?

"ANSWER: 'He did have' or 'He did not have'

"ANSWER: 'He did have'

April 15, 1971, contract; that the Stone Fort Bank had notice of the work and the lien of Rigby at the time of the execution of the deed of trust by the Murphreys on May 5, 1971; that Rigby's failure to warn Taylor of his lien did not mislead Taylor to his injury so as to estop Rigby from asserting his lien; that Rigby did not waive his claim to a lien; that Taylor did have actual knowledge of Rigby's lien and any fact or facts that would cause a prudent person to make inquiry as to such claim on or before April 4, 1972; and that $33,000 is the value of the improvements made by Rigby on the tract in question.

The judgment of the trial court provided that Rigby "recover his debt, damages and costs and have foreclosure of his contractual lien, constitutional lien and statutory lien" on the property, and that an Order of Sale issue and the property be sold at sheriff's sale, with the costs and expenses of sale to be first paid; then the $30,000 judgment in favor of Rigby against the Murphreys be satisfied; then the deed of trust from the Taylors to First Bank & Trust be paid, and then any balance to the Taylors.

The Taylors and the First Bank and Trust (hereinafter called appellants) have filed a joint brief and by their point 1 contend that Rigby's only monetary recovery being in quantum meruit, there is no lien to secure it. Argument is made that the written contract only gave a lien to secure payment of the amount due under the completed contract and it does not provide for a lien if the contract was only partially completed. Appellants further maintain that there was no substantial performance by Rigby; that the jury's answer to special issue 1 was based on the trial court's instruction that Rigby was relieved of his obligation to perform by the owner's

breach in not making progress payments; and that the only issue submitted to the jury regarding damages was based on quantum meruit in issue 6, and that no lien exists to secure quantum meruit recovery.

Appellee argues that no money judgment was rendered, but rather his prayer for foreclosure of his contractual, constitutional and statutory liens was granted, and that the judgment was for satisfaction of the prior judgment against the Murphreys; that the contract was divisible and he had completely performed items 1, 2, 3, and 7 thereof (relating to laying sewer lines); that all the cases relied on by appellant are contractual lien cases only; and that according to the contract, quantum meruit relief would be secured by foreclosure of the contractual lien.

Appellants reply that appellee had no constitutional or statutory lien—no constitutional lien because he was not making or repairing any "buildings or articles" as required by the constitutional provision, and no statutory lien because he did not follow the proper procedures to fix such a lien.

■ It becomes necessary to determine whether Rigby had a lien, and if so, what kind of lien. Did Rigby have a constitutional lien? Section 37, Article 16 of the Constitution of Texas provides:

"Mechanics, artisans and materialmen, of every class, shall have a lien upon the *buildings* and *articles* made or repaired by them for the value of their labor done thereon, or material furnished therefor; . . . ." [Emphasis added.]

In *Campbell v. City of Dallas*, 120 S.W.2d 1095, 1097 (Tex.Civ.App.—Waco 1938, writ ref'd), the court, speaking through Judge Alexander, held that one who installed sewer and water mains "was not engaged in

"In connection with the above issue, you are instructed that by the term 'actual knowledge' is meant knowledge which will be imputed and may be implied from circumstances where the circumstances known to one concerning a matter in which he is interested are sufficient to require him, as an honest and prudent person, to investigate concerning the rights of others in the same matter and diligent investigation will

lead to discovery of any right conflicting with his own.
"SPECIAL ISSUE NO. 6
"What sum of money do you find from a preponderance of the evidence to be the value of the improvements made by Roy Rigby to the 30.5 acre tract in question?
"ANSWER IN DOLLARS AND CENTS:
"ANSWER: '$33,000.00.' "

erecting a building or making or repairing an article within the contemplation of art. 16, sec. 37 of our State Constitution, . . . and therefore did not have a constitutional lien thereon." The *Campbell* case has not been overruled or modified, and we believe it controls the question here. Therefore, we hold that Rigby did not have a constitutional lien on the tract of land involved here.

■ As to the statutory lien claimed by Rigby and foreclosed by the trial court judgment, Article 5453[2] provides that:

"The lien provided for in Article 5452 may be fixed and secured in the following manner:

"1. Every original contractor, not later than one hundred twenty (120) days, . . . after the indebtedness accrues as defined hereinafter in Article 5467, *shall file his affidavit claiming a lien,* to be recorded in a book kept by the county clerk for that purpose . . . ." [Emphasis added.]

Rigby filed his lien contract for record on May 24, 1971. An examination of that instrument, however, reveals that it did not comply with the statute in that it is not sworn to. It contains the acknowledgment of the parties to the contract, but there is no jurat, and such instrument was not an affidavit within the statute requiring a sworn statement of a claimed lien. *Conn, Sherrod & Co., Inc. v. Tri-Electric Supply Co.,* 535 S.W.2d 31, 34 (Tex.Civ.App.—Tyler 1976, writ ref'd n.r.e.). Art. 5455 provides, "An affidavit claiming a lien filed for record . . . shall be signed by the claimant or by some person on his behalf and shall contain in substance the following: a. A *sworn statement* of his claim, including the amount thereof. . . ." [Emphasis added.] An acknowledgment is not a jurat, and therefore not a sworn statement. *Perkins v. Crittenden,* 462 S.W.2d 565 (Tex. 1970); *Crockett v. Sampson,* 439 S.W.2d 355 (Tex.Civ.App.—Austin 1969, no writ); *Dee's Cabinet Shop, Inc. v. Weber,* 562 S.W.2d 945, 948 (Tex.Civ.App.—Fort Worth 1978, no writ). In our view there was no statutory lien on the tract in question.

■ There is another reason why Rigby would not have a statutory mechanic's lien. There was no allegation nor proof that he substantially performed the contract with the Murphreys, and the authority in Texas is that a contractor may not have the benefit of a mechanic's lien unless he has substantially performed the lien contract. *Continental National Bank of Fort Worth v. Conner,* 147 Tex. 218, 214 S.W.2d 928, 934 (1948).

■ The final argument of appellants on this point is that the written contract only gave a lien to secure payment of the amount due under the completed contract, and did not provide for a lien in case the contract was only partially completed. The basic argument is that Rigby's recovery is based on quantum meruit, not on the contract, and, therefore, there is no lien to secure such a recovery. The claimed lien here, it is contended, is a creature of the contract, and where the recovery is outside the contract there is no lien. The contract here does not provide for a lien to secure payment of a partial recovery for partial performance, but the lien is "to secure the total payment in the amount of $54,497.50 . . . for all labor, materials and services performed thereon as itemized hereinbefore."

The finding by the jury in issue 6 for $33,000 was evidently disregarded by the trial court, and the judgment rendered provided for recovery based upon the $30,000 judgment previously rendered for Rigby in his suit against the Murphreys. The suit against the Murphreys alleged the contract between Rigby and the Murphreys but the judgment was obviously rendered upon quantum meruit. There was no pleading there, as there is none in the instant case, that the contract was substantially performed. There was no jury finding on substantial performance, nor was there any finding on what the cost would be to complete the contract. In our view the recovery by Rigby in his suit against the Mur-

2. Statutes cited are Texas Revised Civil Statutes unless otherwise indicated.

phreys was based upon quantum meruit; the jury's answer to issue 6 in the instant suit was also based upon quantum meruit. Therefore, the right of Rigby to recovery on a quantum meruit basis where there has been only partial performance was not based on the contract, but is laid on an implied agreement by the owner to pay for the benefit received.

The Supreme Court in *Davidson v. Clearman*, 391 S.W.2d 48, 50–51 (Tex.1965), wrote:

"The right to recover on quantum meruit does not grow out of the contract, but is independent of it. It is based upon the promises implied by law to pay for beneficial services rendered and knowingly accepted. . . .

" . . . Quantum meruit being a recovery outside of, and independent of the contract, there was no lien agreed upon between the parties to secure the payment of a quantum meruit recovery. For this reason, there is no lien to be foreclosed, and the courts below erred in ordering a foreclosure of the mechanic's and materialman's lien contract."

*Davidson v. Clearman, supra*, has been cited and followed by *Black Lake Pipeline Co. v. Union Construction Co.*, 538 S.W.2d 80, 86 (Tex.1976); *Warren v. Denison*, 563 S.W.2d 299, 309 (Tex.Civ.App.—Amarillo 1978, no writ); *City of Ingleside v. Stewart*, 554 S.W.2d 939, 943 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.); *McDaniel v. Tucker*, 520 S.W.2d 543, 548–9 (Tex.Civ. App.—Corpus Christi 1975, no writ); *Anderson v. Casebolt*, 484 S.W.2d 462, 463 (Tex.Civ.App.—Fort Worth 1972, reversed on other grounds, Tex., 493 S.W.2d 509); *Ryan v. Thurmond*, 481 S.W.2d 199, 204 (Tex.Civ.App.—Corpus Christi 1972, writ ref'd n.r.e.); *Kyburz, Ferrell & Heesch v. Magnolia Independent School District*, 476 S.W.2d 763, 767 (Tex.Civ.App.—Beaumont 1972, writ ref'd n.r.e.); *Dill v. Helms*, 468 S.W.2d 608, 611 (Tex.Civ.App.—Waco 1971, writ ref'd n.r.e.); 10 Tex.Jur.2d Building Contracts, sec. 44, p. 46.

Since any recovery Rigby had in his suit against the Murphreys was in quantum meruit he had abandoned recovery on the contract, and having done so he did not have a contractual lien. Additionally, appellee's pleadings do not specifically ask for the foreclosure of a contractual lien against appellants. We hold that there was no contractual lien to be foreclosed.

Rigby argues that the contract was divisible, that the evidence revealed that certain items called for in the contract were completed, and that the jury in answering issue 1 found that Rigby had completely performed items 1, 2, 3 and 7 of the contract. The jury did find in issue 1 that Rigby performed his obligations to the Murphreys under the contract, but under the instructions given by the trial court Rigby was relieved of further performance after the Murphreys failed to perform in not making weekly progress payments. Under the trial court's instruction the answer of the jury could not be interpreted as a finding that Rigby substantially performed under the contract. Rigby, in his suit against the Murphreys, as well as in the instant case, elected to recover for the value of the materials and labor furnished, or the money value of the improvements to the property.

■ Rigby contends that there was complete performance of a divisible contract, and, therefore, his liens were properly foreclosed by the trial court. We disagree. The language of the contract refutes the contention. The contract provided in paragraph VII, "Owners hereby give contractor a lien upon the described premises . . . together with the improvements to be placed thereon, . . . *to secure the total payment in the amount of $54,497.50,* and any additional payments due contractor for services . . . and for all labor, materials and services performed thereon as itemized hereinabove." [Emphasis added.] There was no provision (such as set out in *Davidson v. Clearman, supra*) that failure to complete the contract shall not defeat the indebtedness and the lien, but such indebtedness and lien on the premises and improvements shall exist in favor of the

contractor for such contract price less the amount reasonably necessary to complete the contract.

It was said in *Davidson v. Clearman, supra,* at p. 51: "There are no jury findings as to the amount of money which would be required to complete the contract; therefore, this provision cannot be applied in this case. In addition and *more important is the fact that the recovery was had under quantum meruit and not under the contract.*" [Emphasis added.]

Having determined that appellee Rigby had neither a constitutional lien, a statutory lien nor a contractual lien we sustain appellants' first point of error. The trial court's judgment was based upon the foreclosure of the liens—there being a provision that "no party to this suit shall be personally liable for the sum set out in (b) above [$30,000 recovered in the suit by Rigby against Murphreys]." This provision is not attacked by either party here.

Appellee contends that his suit against the Murphreys for debt and money judgment without asserting or attempting to foreclose a lien against the property does not waive nor evidence an intention to waive any lien rights he may have had. The authorities cited by appellee are distinguishable from the case at bar. The cases Rigby cites stand for the proposition that where there is a debt secured by a note, in turn secured by a lien, the note and lien constitute separate obligations so that suit may be had on the note to obtain a personal judgment, and later suit may be had on the lien if the personal judgment were not satisfied. Where there is no note, but merely a debt secured by a lien, the lien is an incident of and inseparable from the debt. *University Savings and Loan Ass'n v. Security Lumber Co.,* 423 S.W.2d 287, 292 (Tex.1967). When one sues on the debt, the lien is thereby necessarily implicated, and both must be put in issue. If the lien is not put in issue, it is abandoned. In the instant case, there is no note to constitute an obligation separate from the lien, and Rigby's suit against the Murphreys was only for a debt based upon quantum meruit and not to foreclose a lien.

In view of our disposition of this cause we do not reach appellants' other points.

The judgment of the trial court is reversed, and judgment is here rendered that appellee Rigby take nothing.