**LODAL & BAIN ENGINEERS, INC., Appellant,**

v.

**BAYFIELD PUBLIC UTILITY DISTRICT et al., Appellees.**

No. 17409.

Court of Civil Appeals of Texas, Houston (1st Dist.).

May 24, 1979.

Rehearing Denied June 8, 1979.

W. W. Fowlkes, San Antonio, for appellant.

Sears & Burns, C. Charles Dippel, Houston, for appellees.

Before EVANS, WALLACE and WARREN, JJ.

WARREN, Justice.

This is an appeal by Lodal & Bain Engineers, Inc., urging that the trial court erred in granting a summary judgment that the appellant was not entitled to either a constitutional, statutory, or equitable lien, and in severing the partial summary judgment from the determination of the validity of the debt.

Bayfield Public Utility District (BPUD) was created by legislative enactment effective June 4, 1971. Acts of the 62nd Legislature, 1971, Chapter 641, page 2084. Thereafter, the Quincy Lee Company, an appellee herein, purchased a 296.134 acre tract of land within the boundary lines of BPUD. Prior to the purchase of the property, the appellant entered into a contract with Quincy Lee to conduct certain feasibility studies pertaining to the development of this tract. After Quincy Lee Company purchased this tract in October of 1971, the appellant continued to provide engineering services and, according to an affidavit, agreed to furnish all necessary services. Thereafter, in November of 1971, the appellant entered into a written contract with BPUD. In November of 1972, Quincy Lee Company sold the land to Royal Crest, Inc. and Texas Central Mortgage Company. In an affidavit, Henry Bain, a principal of appellant, stated, inter alia, that Quincy Lee Company, Royal Crest, Inc., and Texas Central Mortgage Company were joint venturers acting as agents, one for another. In addition, the affidavit recites that all of the work performed was at the request of Quincy Lee or his son Steven Lee, a principal of Royal Crest Inc., and that it was his understanding of their agreement that the appellant could hold the joint venturers responsible, as well as BPUD for the engineering services rendered in connection with the development of the land.

The preliminary point of error which must be addressed is whether the trial court erred in severing the establishment of the debt from the validity and scope of the lien. If the trial court erred, then the entire case must be remanded, and the merits of the other five points of error cannot be addressed at this time because the partial summary judgment would be an interlocutory order from which an appeal cannot be perfected absent an applicable exception.

A severance is appropriate only if a controversy involves two or more distinct causes of action, each of which constitute a complete lawsuit within itself. Tex.R. Civ.P. 41; *Hall v. City of Austin*, 450 S.W.2d 836 (Tex.1970).

There is a well-established line of cases holding that the right to recover a personal

judgment on a debt and the right to foreclose a lien securing that debt are severable and may be made the subject of two distinct causes of action. *Carter v. Gray*, 125 Tex. 219, at 221, 81 S.W.2d 647 (1935); *Jordan v. Massey*, 134 S.W. 804 (Tex.Civ.App. 1911, no writ). Thus, a creditor can establish liability and thereafter bring a subsequent suit to foreclose his lien. It is also undisputed that a debtor can bring a bill to remove a cloud on title or a declaratory action to determine whether a lien exists or covers his property on a basis separate and distinct from the validity of the debt. In the instant case, the trial court did not err in severing these issues.

The next issue which must be addressed is whether the trial court erred in granting a summary judgment that the appellant did not have either a constitutional, statutory or equitable lien on the property of the appellees.

Appellees contend that the appellant did not construct any of the improvements, that the improvements which were constructed were public improvements upon which a lien cannot attach, and that the appellant did not have a contract with the owners of the land such that the land could be subjected to a lien.

■ We hold that appellant is not entitled to a constitutional or equitable lien.

Article XVI, Sec. 37 of the Texas Constitution provides:

"Mechanics, artisans, and materialmen of every class, shall have a lien upon the buildings and articles made or repaired by them for the value of their labor done thereon, or material furnished therefor; . . . ."

Texas authorities have restrictively interpreted the terms "building" and "article". For the purposes of this section, building has been defined as only those structures having a capacity to contain and which are designed for the habitation of man or animals or the shelter of property. *Peterson v. Stolz*, 269 S.W. 113 (Tex.Civ.App.—Beaumont 1925, writ ref'd).

In *Campbell v. City of Dallas*, 120 S.W.2d 1095 (Tex.Civ.App.—Waco 1938, err. ref'd) it was determined that a contractor was not entitled to a constitutional lien because the construction of water and sewer lines was not construction of an article or building within the meaning of this constitutional provision. *Campbell* was followed in *Taylor v. Rigby*, 574 S.W.2d 833 (Tex.Civ.App.—Tyler 1978, writ pending). See also *Black, Sivalls and Bryson, Inc., v. Operators' Oil & Gas Co.*, 37 S.W.2d 313 (Tex.Civ.App.—Eastland 1931, writ dism'd) holding that a contractor was not entitled to a constitutional lien for repairing a road grade); and *National Western Life Insurance Co., v. Acreman*, 415 S.W.2d 265 (Tex.Civ.App.—Beaumont 1967, modified on other grounds 425 S.W.2d 815 holding that a contractor was not entitled to a constitutional lien for clearing land and constructing a road). We therefore, conclude that the appellant is not entitled to a constitutional lien.

■ Appellant is not entitled to an equitable lien because there is no written instrument evidencing an intent to subject the appellees' land to a lien. See *Home Investment Co. v. Fidelity Petroleum Co.*, 249 S.W. 1109 (Tex.Civ.App.—Dallas 1923, writ ref'd).

Tex.Rev.Civ.Stat.Ann. art. 5452 (Vernon's Supp.1978–1979) provides in relevant part:

Any person or firm . . . or corporation . . . who may labor, . . . or furnish labor or material: (a) for the construction or repair of any house, building or improvement whatever; . . . shall have a lien on the lot or lots necessarily connected therewith . . . to secure payment: (a) for the labor done or material furnished or both for such construction or repair. The word "improvement" as used herein shall be construed so as to include: abutting sidewalks and streets and utilities therein; . . . If the abutting sidewalks and streets and utilities therein are public property, such lien shall be applicable to the property of the owner and shall be exclusive of the public property.

The statute defines "labor" as that which is rendered in the direct prosecution of the work. The term "original contract" is defined as an agreement to which an owner is a party.

The provisions of this statute are much more comprehensive than the constitutional provision as interpreted.

The first question is whether the nature of appellant's work—e. g., the development of plans and specifications—would permit him to assert a statutory lien. Appellees contend that the appellant did not labor in the direct prosecution of the work as required by the statute.

The mechanic's and materialmen's lien statutes are to be liberally construed for the purpose of protecting laborers and materialmen. *Hayek v. Western Steel Co.*, 478 S.W.2d 786, 795 (Tex.1972). The predominant reason for this liberal construction is to protect mechanics and materialmen because their labor and material lose all further value to them once they have been furnished. At the same time, the labor and material enhance the value of the property for the benefit of the owner. *Hayek, supra.* The statute and its liberal construction rest on broad grounds of natural equity and the doctrines of estoppel and unjust enrichment.

In *Sanquinett & Staats v. Colorado Salt Co.*, 150 S.W. 490 (Tex.Civ.App.—Fort Worth 1912, writ ref'd) it was determined that an architect was entitled to a statutory lien for developing plans as well as for superintending the construction of the building. Appellees assert that the statute construed in *Sanguinett* was substantially different than art. 5452. We do not find the change in the language significant. Moreover, the affidavit of Henry Bain states that he has superintended the construction of the work. This statement would satisfy the more restrictive language of *Lancaster v. McKenzie*, 439 S.W.2d 728 (Tex.Civ.App.—El Paso 1965, no writ) requiring that the architect formulate the plans and superintend the construction.

The last issue which must be addressed is whether the appellant entered into a contract with the appellees such that the appellees' land could be charged with a statutory lien. The affidavit of Henry Bain raises material issues of fact pertaining to the existence of a contract with Quincy Lee Company, Royal Crest, Inc., and Texas Central Mortgage Company. One possible construction of this affidavit is that the appellees, as joint venturers, guaranteed the appellant that it would be paid for all the necessary services rendered regardless of whether these services were rendered for the municipal entity (BPUD), or for the joint venturers. The affidavit is substantiated by the deposition of Henry Bain that all the appellant's work was performed at the request of Quincy Lee, a principal of Quincy Lee Company and Steven Lee, a principal of Royal Crest, Inc. Moreover, invoices for the services rendered were mailed to the joint venturers as well as to the attorneys for the municipal utility.

A motion for summary judgment must be denied if there is any genuine issue of material fact. *Gibbs v. General Motors*, 450 S.W.2d 827 (Tex.1970). All conflicts in the evidence must be disregarded, and the evidence which tends to support the position of the party opposing the motion is accepted as true. *Parrott v. Garcia*, 436 S.W.2d 897 (Tex.1969).

We hold that the affidavit of Henry Bain raises material issues of fact as to whether appellant is entitled to a statutory lien. Appellant's points of error 1 and 4 are sustained.

The judgment of the trial court is reversed and the cause is remanded.