United States Court of Appeals,

Fifth Circuit.

No. 94-20470.

Billy B. GOLDBERG, Plaintiff,

v.

R.J. LONGO CONSTRUCTION CO., INC., Defendant-Third Party
Plaintiff-Appellant,

v.

MID-CONTINENT CASUALTY CO., Third-Party Defendant-Appellee.

June 13, 1995.

Appeal from the United States District Court for the Southern
District of Texas.

Before LAY,[1] DUHÉ and DeMOSS, Circuit Judges.

LAY, Circuit Judge:

Southwest Crossing Joint Venture ("Southwest") contracted with
R.J. Longo Construction Company ("Longo") to install two sewer
lines and a force main for residential use in public easements
adjacent to a tract of land in southwest Houston. Two months after
commencing work on the project, Longo and Southwest had a dispute
over the terms of the contract and Longo ceased work. Longo then
filed a mechanic's and materialman's lien against the property.
Because of the lien, title companies would not issue title policies
to the land. Certain title companies eventually agreed to issue
policies, but only if Southwest and a surety would indemnify any
loss arising from Longo's lien. Mid-Continent Casualty Company

---

[1]Circuit Judge of the Eighth Circuit, sitting by
designation.

("Mid-Continent") as surety and Southwest as principal executed an agreement to indemnify the title companies ("the indemnity agreement"). Longo was neither a signatory to the indemnity agreement nor a named beneficiary of it. These transactions brought about a number of lawsuits.

1) *The Prior Federal Case* In November 1983, Longo sued Southwest for breach of contract in federal court in New Jersey. The suit was transferred to the Southern District of Texas in March 1984. Later that same month, Southwest filed suit against Longo in federal court in Houston, Texas, alleging Longo committed various torts in matters relating to the Southwest Crossing subdivision. These two cases were consolidated into *Southwest Crossing Venture v. R.J. Longo Construction Co., Inc.,* C.A. No. H-84-1343, in the District Court for the Southern District of Texas—Houston Division.

The court ordered the parties into binding arbitration. The arbitrator awarded Longo $649,500 and Southwest nothing on their respective claims. The court affirmed the award and dismissed the consolidated cases with prejudice.

2) *The State Court Case* In December 1986, Longo filed an abstract of its judgment against Southwest, thereby obtaining a judgment lien against Southwest's property in the Southwest Crossing subdivision. Longo was unable to collect on the judgment. Longo also attempted to foreclose its mechanic's and materialmen's lien.

In January 1987, Southwest filed suit in state court seeking to enjoin Longo from attempting to foreclose on its mechanic's and

2

materialman's lien and to have the lien declared invalid. *Southwest Crossing Venture, Inc. v. R.J. Longo Constr., Inc.,* No. 87-03691, (D. 164 Harris Co. Tex.). Mid-Continent intervened in the lawsuit and supported Southwest's position that the lien was invalid. Both parties argued that Longo's lien no longer constituted a valid claim because Longo had either waived the claim by failing to raise it in its breach of contract suit filed in federal court or the claim was barred under the doctrine of res judicata.

In February 1987, Longo cross-claimed, seeking a declaratory judgment that its lien was valid. Longo also claimed it was a third-party beneficiary of the indemnity agreement executed by Southwest and Mid-Continent. The third-party claim and the res judicata and waiver issues were tried separately in August 1989, but the trial judge never ruled on the issues due to illness.

*3) "The Case Below"* The parties use this nomenclature for the suit involving this appeal, filed by a principal of Southwest, Billy Goldberg, against Longo in state court for wrongfully attempting to execute its judgment against Southwest and for other torts. The case was removed to federal court on the basis of diversity jurisdiction. Longo counter-claimed on grounds similar to those raised in the state court case. Longo also impleaded Mid-Continent, seeking a declaration that its mechanic's and materialman's lien was valid and that Longo was a third-party beneficiary of the indemnity agreement between Southwest and Mid-Continent.

3

Once it became clear the issues tried in the state court case were not going to be decided, Longo and Mid-Continent agreed to try the issues in this suit. They made cross motions for summary judgment, and the court, the Honorable John D. Rainey presiding, decided in favor of Mid-Continent. The court found that under Texas law, an action brought on the debt secured by a lien must also assert the lien claim or it is deemed abandoned. Because Longo failed to foreclose its lien in its suit on the debt in the prior federal case, the court held that Longo had waived foreclosure on the lien. The court also ruled against Longo on the third-party beneficiary claim. The court found the indemnity agreement was ambiguous in certain respects and that under Texas law, it could not be construed to be made for the benefit of a third party unless that was clearly the intention of the contracting parties as apparent from the four corners of the contract. Longo appeals both decisions.

## THE MECHANIC'S AND MATERIALMAN'S LIEN

Longo contends that it could not have brought a foreclosure claim in the prior federal case because under Texas law an arbitrator cannot foreclose a mechanic's and materialman's lien, *Hearthshire Braeswood Plaza Ltd. Partnership v. Bill Kelly Co.,* 849 S.W.2d 380, 390 (Tex.Ct.App.1993). On this basis, Longo asserts that under federal principles of res judicata its right to litigate its present foreclosure action on its mechanic's and materialman's lien is not barred. Longo argues the district court erred in applying state rather than federal law in determining the

4

preclusive effect of the prior federal case.

Longo brought the prior federal action before a federal district court which ordered Longo's claim on the debt be submitted to arbitration. Sitting in diversity, the court applied Texas law to substantive issues. That the court could not, under Texas law, have ordered an arbitrator to decide the foreclosure claim in no way implies the court could not decide the foreclosure claim on its own if such a claim had been brought before it. Longo decided what claims to bring in its pleadings. Its pleadings established the claims before the court, not the court's subsequent decision to order arbitration. Assuming Longo's argument that this question must be resolved under federal principles of res judicata, Longo's claim is still not enforceable. Under federal res judicata, Longo's lien claim is precluded by the judgment in the prior federal case.

Under federal law, res judicata bars "all claims that were or *could have been* advanced in support of the cause of action on the occasion of its former adjudication ... not merely those that were adjudicated." *Travelers Ins. v. Saint Jude Hosp.,* 37 F.3d 193, 195 (quoting *In re Howe,* 913 F.2d 1138, 1144 (5th Cir.1990) which quotes *Nilsen v. City of Moss Point,* 701 F.2d 556, 560 (5th Cir.1983) (en banc) (footnotes omitted)), *cert. denied,* --- U.S. ----, 115 S.Ct. 1696, --- L.Ed.2d ---- (1995). In this case, Longo's mechanic's and materialman's lien arose out of the same "common nucleus of operative facts" as the damages Longo sought in its breach of contract claim. Restatement (Second) of Judgments § 24

cmt. b (1982).

One goal of prohibiting claim splitting is to avoid litigating matters that could have been or were previously litigated. Mechanic's and materialman's liens secure labor and materials. Longo's breach of contract claim alleged not only damages consequent to Longo's provision of labor and materials but also incidental damages, lost profits, delay damages, mobilization, and overhead. The arbitrator made, and the court affirmed, a lump sum judgment for Longo. The judgment did not specifically state the value of the labor and materials Longo provided. For a court to determine now the value of the labor and materials would necessarily involve relitigating many of the issues adjudicated in the prior federal case.

Texas case law specifically holds that a lien is inseparable from the debt giving rise to it. *Palmer v. Palmer,* 831 S.W.2d 479, 482 (Tex.Ct.App.1992); *Taylor v. Rigby,* 574 S.W.2d 833, 839 (Tex.Civ.App.1978); *University Savings & Loan Ass'n v. Security Lumber Co.,* 423 S.W.2d 287, 292 (Tex.1967). As the court stated in *Taylor v. Rigby*:

> [w]here there is ... a debt secured by a lien, the lien is an incident of and inseparable from the debt. When one sues on the debt, the lien is thereby necessarily implicated, and both must be put in issue. If the lien is not put in issue, it is abandoned.

574 S.W.2d at 839 (citation omitted); *see also Hubble v. Lone Star Contracting Corp.,* 883 S.W.2d 379, 381 (Tex.Ct.App.1994); *Shipley v. Biscamp,* 580 S.W.2d 52, 54 (Tex.Civ.App.1979); *Holcroft v. Wheatley,* 112 S.W.2d 298, 299-300 (Tex.Ct.App.1937); *Holford v.*

*Patterson,* 257 S.W. 213, 214 (Tex.1923). Whether one adopts federal principles of res judicata[2] or the substantive provisions of Texas law, once Longo brought an action against Southwest on its debt, Longo also had to bring its claim on the lien or abandon it.

### THE INDEMNITY AGREEMENT

In October 1986, Southwest as principal and Mid-Continent as surety executed the general indemnity agreement. The agreement states the parties desire three named title insurance companies and one named title insurance agency to issue title insurance policies on land owned by Southwest without exception to Longo's lien claim affidavit. Because of that desire, the agreement continues, Southwest and Mid-Continent promise to:

1.  ... hold [the named companies] harmless as to any loss or liability ... arising out of the [Longo lien] matter or claim ...;

2.  ... reimburse [the named companies] for all Court Costs, Attorney's fees and expenses of trial and investigation incurred in connection with said matter of claim;

3.  ... pay and discharge, within five days after entry thereof, any final judgment establishing any matter or claim as a lien upon said property.

Longo contends it is a third-party creditor beneficiary of the indemnity agreement executed by Southwest and Mid-Continent and as

---

[2]Whether principles of federal or state res judicata apply to determine the preclusive effects of the prior federal judgment is not really germane to the resolution of this issue because both doctrines would preclude the separate action on the lien. Texas policies of res judicata bar "causes of action or defenses arising out of the same subject matter that might have been litigated in the first suit." *Gracia v. R.C. Cola-7-Up Bottling Co.,* 667 S.W.2d 517, 519 (Tex.1984). The fact the district court ordered the claim on the debt into arbitration in no way prevented Longo from pursuing, or the court from adjudicating, the claim on the lien.

7

such can sue to enforce the agreement even if the agreement does not identify Longo by name. *See Quilter v. Wendland,* 403 S.W.2d 335, 337 (Tex.1966); *Brunswick Corp. v. Bush,* 829 S.W.2d 352, 354 (Tex.Ct.App.1992). Longo asserts it is a third-party creditor beneficiary because it would benefit if Southwest or Mid-Continent performed their promises under the agreement because Southwest has a duty to pay Longo under the judgment in the prior federal case. *Cumis Ins. Soc'y v. Republic Nat'l Bank,* 480 S.W.2d 762, 766-67 (Tex.Civ.App.1972).

We agree Longo's claim to be a creditor beneficiary of the agreement does not automatically fail simply because the agreement does not so identify Longo. Restatement (Second) of Contracts § 308 (1981). This agreement, however, identifies its intended beneficiaries explicitly in paragraph 4 and Longo is not among them. Under Texas law:

> [c]ourts will not create a third-party beneficiary contract by implication and the obligation must be clearly and fully spelled out or enforcement will be denied. *MJR Corporation v. B & B Vending Company,* 760 S.W.2d 4 (Tex.App.—Dallas 1988, writ denied). In that case, the Court noted that a benefit to the third party must have been within the contemplation of the contracting parties.

*Foster, Henry, Henry & Thorpe, Inc. v. J.T. Constr. Co.,* 808 S.W.2d 139, 140 (Tex.Ct.App.1991). Further, "[a] third party is entitled to recover upon a contract made between other parties only if the parties intended to secure some benefit to that third party, *and* only if the contract was entered into directly and primarily for the third party's benefit." *Economy Forms v. Williams Bros. Constr. Co.,* 754 S.W.2d 451, 456 (Tex.Ct.App.1988) (citing

8

*Dairyland County Mut. Ins. Co. v. Childress,* 650 S.W.2d 770, 775 (Tex.1983) and *Republic Nat'l Bank v. National Bankers Life Ins. Co.,* 427 S.W.2d 76, 79 (Tex.Ct.App.1968)) (emphasis in original). Even if it is assumed that Longo is a third-party creditor beneficiary under the agreement, Longo's claim would be defeated by the express language of the agreement. Paragraph 3 of the indemnity agreement speaks of "any final judgment *establishing any matter or claim as a lien* upon said property." (emphasis added). The prior federal case did not result in a judgment that Longo had a lien on the Southwest Crossing subdivision. The court awarded Longo an *in personam* judgment against Southwest. Had Longo pursued its mechanic's and materialman's lien claim in that case, the court might have awarded Longo an *in rem* judgment against the property, but Longo did not bring the claim.

As the district court noted, Longo retains its judgment lien against any property Southwest sold after Longo abstracted its judgment. But Longo has no rights under the indemnity agreement and is barred from suing on its mechanic's and materialman's lien claim.

We AFFIRM the judgment of the district court; appellant to pay all costs.

9